NINLLIAT, DEMANDANTE Y APELANTE, *v.* SURIÑAC ET AL., DEMANDADOS Y APELADOS.

APELACIÓN procedente de la Corte de Distrito de Mayagüez en causa sobre acción rescisoria.

No. 1369.—Resuelto en junio 6, 1916.

VENTA CON PACTO DE RETRO—RETRACTO—TÉRMINOS—NOTA DE CONSUMACIÓN—TERCERO.—Cuando en una escritura de venta con pacto de retro inscrita en el registro se conceden dos términos al vendedor para ejercitar el derecho de retracto, el segundo a opción del vendedor, al vencimiento del primer término, el comprador puede obtener del registrador que extienda la correspondiente nota marginal de consumación al asiento de inscripción, y para que el segundo término pueda surtir efecto contra tercero es necesario el otorgamiento de nueva escritura y su inscripción en el registro de la propiedad.

ID.—DERECHOS INCOMPATIBLES.—Según el artículo 1172 del Código Civil, una obligación queda extinguida por otra posterior cuando la primera y la segunda son de todo punto incompatibles. Así el derecho de adquirir una cosa inmueble mediante retracto, queda extinguido por la adquisición real y efectiva de la misma por compra, por ser ambos derechos incompatibles.

NULIDAD DE VENTA—FRAUDE—CAUSA DE ACCIÓN.—Cuando en una demanda para que se declare rescindida la venta de cierto solar y edificios efectuada por un márshal en subasta pública a favor del demandado como representante de sus hijos menores de edad se alega que éste sabía que tales bienes pertenecían al demandante e instó maliciosamente el embargo y la venta de los mismos con objeto de defraudarlo y de arrebatarle torticeramente la propiedad de los mismos, ella determina una causa de acción, pues muestra la existencia de un agravio a cuya reparación tiene derecho el demandante.

ID.—TERCEROS—PERSONALIDAD.—No tiene el carácter de tercero el que compra con conocimiento de que su vendedor no es dueño de la cosa vendida, la que había sido adquirida antes legítimamente por otra persona. Ni merecen

tampoco el concepto de terceros los hijos menores de un comprador para quienes adquirió los bienes su padre con conocimiento de que no pertenecían al vendedor, porque no cabe separar la personalidad de dicho comprador como tal comprador de la de él, como representante de sus menores hijos.

ID.—BUENA FE—CONOCIMIENTO.—No tiene buena fe el que con conocimiento del acto o contrato en virtud del cual uno se ha desprendido del dominio de la cosa, y sabiendo por lo tanto, y de ciencia propia, que corresponde a otra persona, la compra, o por cualquiera otra clase de contrato la obtiene del antiguo dueño con pleno conocimiento de que no lo es, y aprovechándose del descuido que tal vez tenga el primer adquirente en hacer la inscripción, se apresura a llevar la suya al registro para que con arreglo al artículo 17 de la Ley Hipotecaria no pueda ya inscribirse aquélla.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. José Sabater* y *Francisco Soto Gras.*

Abogados de los apelados: *Sres. Fernando Vázquez* y *N. B. K. Pettingill.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ emitió la opinión del tribunal.

Se trata de recurso de apelación interpuesto por el demandante Luis Ninlliat contra sentencia que en 28 de mayo del año próximo pasado 1915 pronunció la Corte de Distrito de Mayagüez, declarando sin lugar la demanda por el fundamento de que los hechos en ella consignados no determinan una causa de acción.

Los hechos fundamentales de la demanda que debemos aceptar como ciertos para la decisión del recurso, son los siguientes:

I. Por escritura pública de 2 de abril de 1898, inscrita en el registro de la Propiedad de Mayagüez, el demandante Luis Ninlliat compró a la mercantil de Mayagüez J. Tornabells & Co., el solar que se describe en la demanda.

II. El comprador Luis Ninlliat por otra escritura de la misma fecha e inscrita también en el registro de la propiedad, vendió el mismo solar a Luis Arán y Lancy.

III. Dicha escritura de venta por Luis Ninlliat a Luis Arán y Lancy, contiene la siguiente cláusula:

"*Tercera.*—Esta venta se hace con la condición de que Ninlliat

desde ayer, o sea desde el día primero de este mes y a vencer todos los días últimos de cada mes, y por el término de tres años contados desde dicho día de este mes usufructuará la finca pagando a Arán por vía de alquiler la suma de 60 pesos mensuales y que si Ninlliat durante ese término de tres años devuelve a Arán los ameritados seis mil pesos, éste le volverá a vender toda la finca en el estado que se encuentre a la hora en que Ninlliat la readquiriera; bien entendido que si pasa este término sin la devolución de los significados seis mil pesos quedará Arán libre de la obligación de volver a vender la finca a Ninlliat; pero para este caso consiente el mismo Arán en que luego de posesionado de la finca se la volverá a entregar por dos años más, a Ninlliat, para que siga utilizándose de sus productos en la forma que mejor le convenga, siempre que la conserve en buen estado y le siga pagando los sesenta pesos mensuales de alquiler, conviniendo por último en que durante estos otros dos años de prórroga, Arán volverá a vender la finca a Ninlliat, si éste le devuelve los seis mil pesos que hoy se han ajustado como precio de toda la finca puesta en estado de ser habitados sus establecimientos descritos.''

IV. Vencido el primer plazo de la condición transcrita, Luis Arán solicitó y obtuvo del Registrador de la Propiedad de Mayagüez que pusiera la nota marginal de consumación al asiento de inscripción del referido contrato de compra- venta.

V. Antes de vencer el segundo término de dos años señalado al vendedor para retraer el solar, Ninlliat lo compró por escritura pública de 5 de septiembre de 1902, constituyendo el comprador hipoteca a favor del vendedor Arán sobre el mismo solar para responder de $2,200, parte del precio aplazado en que se realizó la venta.

VI. La anterior escritura de 5 de septiembre de 1902, no fué inscrita en el registro de la propiedad, según alega el demandante, por olvido o negligencia del agente a quien Ninlliat encargó de la gestión de la inscripción, por más que Ninlliat estaba en la equivocada creencia de que el documento se encontraba inscrito en el registro hasta que se vió privado de su propiedad por los demandados.

VII. Del registro de la propiedad de Mayagüez consta

que transcurrido el primer término de tres años a que se refiere la condición transcrita, se puso en el registro la nota marginal de consumación del contrato con fecha 29 de junio de 1901, sin que aparezca del mismo registro nota alguna de consumación de venta o consolidación por el transcurso del otro término de dos años a que alude la misma condición.

VIII. El demandante Ninlliat ha pagado totalmente la hipoteca que por escritura de 5 de septiembre de 1902 constituyó a favor de Luis Arán, y la viuda de éste, la demandada Francisca Arán, en su carácter de administradora de los bienes del finado Luis Arán, otorgó a favor de Ninlliat la correspondiente carta de pago y cancelación por escritura de 9 de marzo de 1909, en cumplimiento de orden de la Corte de Distrito de Mayagüez de 11 de febrero anterior, cuya escritura tampoco fué inscrita en el registro de la propiedad.

IX. El demandante empezó a construir y siguió construyendo en varias fechas hasta el año 1908, en el solar descrito, edificios que no están terminados, los que según su apreciación valen actualmente de $6,000 a $8,000, habiendo hecho esas obras de su peculio particular, de buena fe, y en la creencia de que las hacía en su propio provecho y en terrenos de su pertenencia.

X. Ante la Corte de Distrito de los Estados Unidos para Puerto Rico, Camilo Suriñac, a nombre de sus menores hijos los demandados, siguió un pleito en cobro de dinero contra Francisca Arán en su carácter de administradora de los bienes del finado Luis Arán, y obtuvo sentencia a su favor en 19 de julio de 1909, por la suma de $2,037.89 y $38.80 de costas.

XI. El márshal de dicha corte solicitó y obtuvo del registrador para ejecutar la referida sentencia, anotación de embargo sobre la finca de que se trata en 7 de agosto de 1909.

XII. El mismo márshal vendió en pública subasta todo el derecho, título o interés que Luis Arán tuviera o pudiera tener en la finca, y en el acto de la subasta, el día 13 de septiembre de 1909, el abogado Fernando Vázquez, defensor

de los menores demandados, obtuvo la buena pro por la suma de $300 otorgándosele en su consecuencia la correspondiente escritura de venta que fué inscrita en el registro el 22 de marzo de 1910.

XIII. El demandante no tuvo noticia del anuncio de la subasta del solar, en primer lugar, porque su descripción es muy semejante a la de otros solares que se encuentran en el mismo sitio, sin que en el anuncio se hubiera hecho mención de los edificios en él construídos, mucho más importantes que el solar mismo, y en segundo lugar, porque el anuncio fué publicado en el periódico local de Mayagüez "La Bandera Americana," de escasa circulación.

XIV. Camilo Suriñac, padre representante de los menores Suriñac fué empleado de la casa J. Tornabells & Co. de quien Luis Ninlliat adquirió primeramente el solar y luego fué el Suriñac uno de los liquidadores de dicha casa y empleado también de la de comercio titulada L. Arán, en las fechas en que el demandante adquirió el solar y lo vendió a Luis Arán y Lancy, estando enterado Suriñac de las operaciones habidas entre el demandante y Luis Arán con referencia a dicho solar.

XV. Camilo Suriñac sabía de propio conocimiento que el solar, aunque inscrito en el registro a favor de Luis Arán, era de la exclusiva propiedad del demandante, y que éste lo estaba poseyendo, sabiendo también Suriñac que los edificios construídos en el solar fueron construídos de buena fe por el demandante.

XVI. Camilo Suriñac, no obstante el anterior conocimiento, instigó maliciosamente el embargo y venta de los bienes mencionados, y con objeto de defraudar al demandante y arrebatarle torticeramente la propiedad de dichos bienes, los adquirió en la subasta en representación de los menores demandados por el ínfimo precio de $300 que no cubría la cuadragésima parte del verdadero valor de tales bienes.

XVII. Fallecido Luis Arán y Lancy, sucediéronle como herederos las demandadas Francisca Arán y Consuelo Arán.

XVIII. Los demandados no poseen bienes con qué hacer efectivas las responsabilidades civiles en que han incurrido con motivo de sus actos, y alega el demandante que no puede exigírseles de otro modo, ni obtener la reparación de los graves perjuicios sufridos, sino mediante el ejercicio de la acción rescisoria entablada en la demanda.

Agrega el demandante que tanto el embargo anotado a favor de los menores demandados como el título de adquisición de los mismos están afectados por la condición resolutoria de poder aquél redimir el solar dentro del segundo plazo de dos años a que se refiere la escritura de 2 de abril de 1898, pues no se ha puesto en el registro la nota de consolidación de la venta por transcurso de dicho plazo y dentro de éste obtuvo el demandante la propiedad absoluta de la finca por la escritura de 5 de septiembre de 1902.

La demanda concluye con la súplica de que se declare rescindida la venta del solar y edificios en él enclavados, efectuada por el márshal de la Corte de Distrito de los Estados Unidos para Puerto Rico, Harry S. Hubbard, en 13 de septiembre de 1909, y se ordene en su consecuencia sean canceladas en el registro de la propiedad la anotación de consumación de venta a que se refiere el Hecho IV de la demanda, así como la inscripción de venta del solar a favor de los demandados, librándose para ello el oportuno mandamiento por duplicado al Registrador de la Propiedad de Mayagüez.

Los demandados Suriñac contestaron la demanda alegando entre otras defensas la de que la demanda no aduce hechos suficientes para determinar una causa de acción, y discutida esa excepción fué declarada con lugar dictándose en su consecuencia sentencia en 28 de mayo de 1915 por la que fué desestimada la demanda y ordenado el archivo del pleito, con costas al demandante, contra cuya sentencia se ha interpuesto el presente recurso de apelación, como al principio indicamos.

Tiene razón la corte inferior al estimar que la nota de consumación puesta al margen de la inscripción de la venta

del solar por Luis Ninlliat a Luis Arán en escritura de 2 de abril de 1898 es eficaz en derecho.

La cláusula 3ª. de la escritura de 2 de abril de 1898, con-tiene dos extremos.  Es el primero que si Ninlliat durante tres años a contar desde el día 1º. de abril citado, devolvía a Arán los 6,000 pesos, precio de la finca, Arán volvería a vendérsela a Ninlliat, quedando libre Arán de esa obligación si pasaba dicho término sin verificarse la devolución de los 6,000 pesos.  El segundo extremo de la cláusula es que si pasaba el término de tres años sin verificarse la devolución de los 6,000 pesos, consentía Arán en entregarla nuevamente por dos años más a Ninlliat para que siguiera utilizándose de sus productos en la forma que mejor le conviniera por canon mensual de 60 pesos, conviniendo, además, en que durante estos otros dos años de prórroga Arán volvería a vender la finca a Ninlliat si éste le devolvía los 6,000 pesos expresados.

No hay, según las palabras de la condición transcrita, un término de cinco años para retraer, sino dos términos, uno de tres años y otro de dos.  Si hubiera sido la voluntad del comprador otorgar al vendedor un plazo de tres años que sin formalidad alguna se entendería prorrogado por dos años más, para ejercitar el derecho de retracto, se hubiera expre-sado así en la escritura, o desde luego se hubiera fijado el término de cinco años, sin consignar conceptos que exijan para el derecho de retraer después de vencidos tres años, la constitución de otro pacto de retro por dos años más.

De la demanda resulta que vencieron los tres años a que se refiere la primera parte de la cláusula tercera de la escri-tura de 2 de abril de 1898 sin que Ninlliat hubiera devuelto a Arán durante ese tiempo la suma de 6,000 pesos, precio de la venta, y como el no cumplimiento de las condiciones resolutorias o rescisorias de los actos o contratos inscritos debe hacerse constar en el registro por medio de una nota marginal, según el párrafo 1º. del artículo 16 de la Ley Hipo-tecaria, el comprador Arán, para dar aplicación al precepto

de dicho artículo pudo solicitar como solicitó del registrador
que pusiera la nota marginal de consumación al asiento de
inscripción del contrato de compraventa del solar.   Esa nota
no fué prematura, según alega la parte demandante, pues
había vencido ya el término de tres años para el retracto
de la finca sin que fuera necesario esperar el transcurso de
dos años más, y, por tanto, no está viciada de nulidad ni
le son tampoco aplicables los artículos 4 del Código Civil y
33 de la Ley Hipotecaria que el apelante invoca en su ale-
gato y cita como infringidos por la sentencia recurrida.

Transcurridos los tres años concedidos a Ninlliat para
retraer la finca bien pudo, amparado por la cláusula tercera
de la escritura de 2 de abril de 1898, exigir de Arán la con-
cesión de un nuevo término de dos años para retraer la finca
bajo las mismas condiciones del primer plazo.   Ese nuevo
término de dos años, considérese o no como una prórroga del
primero de tres años, debía inscribirse en el registro de la
propiedad para que surtiera efecto contra tercero, y para
ello era necesario el otorgamiento de la escritura pública
correspondiente, único medio de obtener la inscripción, según
los artículos 2 y 3 de la Ley Hipotecaria.

Lejos de acudir Ninlliat al anterior procedimiento, com-
pró por escritura pública de 5 de septiembre de 1902 el
solar sin condición alguna, constituyendo hipoteca voluntaria
a favor de Arán sobre la finca vendida para responder a
éste de $2,200, parte del precio aplazado por el que se realizó
la venta.

Mediante esa escritura, el derecho a retraer que tuviera
Ninlliat en virtud de la segunda parte de la condición de
la cláusula estatutoria del retracto, quedó extinguido por
el dominio absoluto que adquirió Ninlliat sobre el solar.
Según el artículo 1172 del Código Civil, una obligación queda
extinguida por otra posterior cuando la primera y la se-
gunda son de todo punto incompatibles y esa incompatibi-
lidad vino a existir en el presente caso pues el derecho de

adquirir una cosa mediante retracto queda extinguido por la adquisición real y efectiva de la misma.

Opinamos que los hechos expuestos en la demanda no determinan causa de acción para pretender la rescisión de la venta del solar y edificios hecha por el márshal de la Corte de Distrito de los Estados Unidos para Puerto Rico, Harry S. Hubbard, en 13 de septiembre de 1909, en cuanto dicha pretensión se funda en la nulidad de la nota de consumación de venta del solar que por escritura de 2 de abril de 1898 hizo Luis Ninlliat con pacto de retro a favor de Luis Arán. Tal nota de consumación no fué prematura, sino puesta en tiempo debido, según dejamos expuesto, y por sí sola no puede traer vicio alguno a la venta hecha por el márshal de la Corte Federal en 13 de septiembre de 1909.

Pero es que también se ha alegado en la demanda bajo los Números XIV, XV y XVI que Camilo Suriñac estaba enterado de las operaciones habidas entre Ninlliat y Luis Arán con referencia al solar y también sabía de propio conocimiento que el solar aunque inscrito en el registro a favor de Luis Arán era de la exclusiva propiedad del demandante, sabiendo además que los edificios levantados sobre el solar habían sido construídos de buena fe por Ninlliat no obstante lo cual Suriñac instigó maliciosamente el embargo y venta de los mencionados bienes y con objeto de defraudar al demandante y arrebatarle torticeramente la propiedad de dichos bienes, los adquirió en la subasta en representación de sus menores hijos por precio que no cubría la cuadragésima parte del verdadero valor de los bienes subastados.

Entendemos que esas alegaciones combinadas con otras atinentes de la demanda determinan una causa de acción, pues muestran la existencia de un agravio a cuya reparación tiene derecho el demandante. Luis Ninlliat, según las alegaciones de la demanda, había adquirido de Luis Arán por escritura pública de 5 de septiembre de 1902, el solar de

que se trata y había hecho edificaciones en él por valor de
$6,000 a $8,000, de buena fe y en la creencia de que las hacía
en solar propio, y sabedor Suriñac de esos hechos remató
en subasta pública representando a sus menores hijos, solar
y edificios cual si fueran de la propiedad de Arán.   No puede
acogerse Suriñac a los beneficios que la ley concede a los
terceros, pues no tiene tal carácter, sabiendo como sabía que
el solar y edificios que remataba como de la propiedad de
Arán habían sido adquiridos antes legítimamente por Nin-
lliat.  *Suris* v. *Quiñones et al.,* 17 D. P. R. 646 y 670.   Y
no debe alegarse que Suriñac compró no para sí sino para
sus menores hijos mereciendo éstos por tanto el concepto de
terceros, pues no cabe separar la personalidad de Camilo
Suriñac como tal Suriñac de la de Suriñac como represen-
tante de sus menores hijos, y tiene que perjudicar a éstos
el conocimiento que su padre tenía de la venta del solar y
edificios hecha anteriormente por Luis Arán a Luis Ninlliat.
*Rivas* v. *Voigt,* 1 S. P. R. 219, 224 y 225.

Comentando el Sr. Gómez de la Serna el artículo 27 de
la Ley Hipotecaria, en su obra sobre la materia, Tomo I,
página 587, preceptivo de que para los efectos de dicha ley
se considera tercero a aquel que no haya intervenido en el
acto o contrato inscrito, levanta la cuestión de si son ter-
ceros el escribano y testigos que intervienen en un documento
público, y sostiene la negativa, expresándose en los siguientes
términos:

"No tiene buena fe el que habiendo presenciado el acto o con-
trato en virtud del cual uno se ha desprendido del dominio de la
cosa y sabiendo, por lo tanto, y de ciencia propia, que corresponde
al que delante de él la adquirió, la compra, o por cualquiera otra
clase de contrato la obtiene del antiguo dueño con pleno conocimiento
de que no lo es, y aprovechándose del descuido que tal vez tenga
el primer adquirente en hacer la inscripción, se apresura a llevar
la suya al registro para que con arreglo al artículo 17 no pueda ya
inscribirse aquélla en que él intervino como escribano o como testigo.

Favorecer esta adquisición tan de mala fe en perjuicio del que adquirió la misma cosa con buena fe, no sería moral ni justo: si prevaleciera, se abriría ancha puerta a lamentables abusos  *  *  *.''

Aceptamos como buena esa teoría estimándola aplicable al presente caso, y repetimos lo que ya dijimos al resolver el caso citado de *Rivas* v. *Voigt:*

"Aun cuando la Ley Hipotecaria es una ley de crédito que sólo atiende en sus prescripciones al interés de la propiedad territorial, no es posible presumirla despojada de las demás cualidades que las leyes deben poseer, una de las cuales es que sea justa y no lo sería si consintiera que sólo por haberse cumplido estrictamente sus preceptos, dejando de cumplir los que los más elementales de honradez imponen, se convirtiesen en hechos legítimos los que una conciencia honrada   reprueba como inmorales.''

La inscripción del solar y edificios de que se trata a favor de los hijos de Suriñac en el registro de la propiedad, sabiendo como sabía el padre de ellos Camilo Suriñac que solar y edificios pertenecían al demandante Ninlliat, no puede servirles por sí sola de escudo para contrarrestar las pretensiones del demandante e impedir una reparación de sus derechos lesionados.

Nos limitamos a resolver la cuestión legal de si los hechos alegados en la demanda determinan causa de acción y nos abstenemos de traer a nuestro examen y consideración cuestiones ajenas al punto debatido.

La demanda, apreciada en su conjunto, muestra causa de acción y en su consecuencia es de revocarse la sentencia apelada.

*Revocada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.