NINLLIAT, DEMANDANTE Y APELADO, *v.* SURIÑACH ET AL., DEMANDADOS Y APELANTES.

APELACIÓN procedente de la Corte de Distrito de Mayagüez en pleito sobre rescisión.

MOCIÓN del demandante y apelado para que se desestime la apelación.

No. ——.—Resuelto en julio 10, 1917.

DESESTIMACIÓN DE APELACIÓN—PADRE DEMANDADO COMO REPRESENTANTE DE MENORES' HIJOS—APELACIÓN POR ABOGADO A NOMBRE DE LOS HIJOS—NOTIFICACIÓN AL PADRE.—Cuando un padre no figura en el pleito como demandado por derecho propio sino como representante legal de sus menores hijos demandados, una apelación interpuesta a nombre de éstos por abogado debe considerarse como establecida por el padre en la representación que ostenta, ya que sus hijos nada pueden pedir por sí mismos a la corte por su minoría de edad, por lo que no es necesario notificar el escrito interponiendo el recurso al padre independientemente, como si tuviera un interés personal en la apelación.

ID.—NOTIFICACIÓN A LA PARTE PERJUDICADA O AFECTADA POR LA SENTENCIA—DEMANDADOS REBELDES.—Es necesario, de acuerdo con el artículo 296 del Código de Enjuiciamiento Civil, notificar la apelación a la parte que pueda ser perjudicada o afectada por la sentencia que se dicte en la apelación, sin que el hecho de que dicha parte se halle en rebeldía altere el deber que hay de hacerle la notificación.

ID.—PARTES CONTRARIAS.—Alegándose en la demanda de este caso que el causante de las demandadas, que no fueron notificadas de la apelación, vendió al demandante la finca que luego embargaron y remataron los otros demandados ahora apelantes como si fuera de la propiedad de dicho causante, en nada afecta a los herederos de éste la sentencia que pueda dictarse en la apelación, porque si se dicta sentencia revocando la que declaró la rescisión de la venta hecha a los apelantes la finca vendría a quedar en poder de éstos y nada

perderían aquellas demandadas con la revocación de la sentencia que nada les dió ni a nada las condenó, por lo que no son partes contrarias en la apelación.

Los hechos están expresados en la opinión.

Abogados de los apelantes: *Sres. Horton & Arroyo.*

Abogados del apelado: *Sres. José Sabater y Abraham Peña.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

El apelado Luis Ninlliat nos presentó moción para que desestimemos la apelación que en este pleito interpusieron los demandados, siendo los fundamentos de la moción los siguientes:

1º. Que la apelación establecida por los menores hijos de Camilo Suriñach no ha sido notificada a los demandados Francisca Arán y Consuelo Arán, componentes de la sucesión de Luis Arán, las que están en rebeldía y no han establecido recurso alguno contra la sentencia.

2º. Que la apelación tampoco ha sido notificada a Camilo Suriñach, padre de los menores demandados.

La moción ha sido impugnada por los apelantes.

De los documentos presentados por las partes para sostener sus respectivas pretensiones en cuanto a la desestimación de la apelación resulta que Luis Ninlliat y Ninlliat estableció demanda en la Corte de Distrito de Mayagüez contra varios menores de apellido Suriñach Rivera, representados por su padre Camilo Suriñach y contra la sucesión de Luis Arán Lancy, compuesta por su viuda Francisca Arán y su hija Consuelo Arán; que en la cabecera de la demanda enmendada con la que se celebró el juicio se consigna que la acción es rescisoria y en ella se alega sustancialmente que el demandante había comprado cierta finca a Luis Arán Lancy pero no habiendo inscrito su título en el registro de la propiedad del distrito fué embargada por los menores Suriñach como de la propiedad de la sucesión de Luis Arán Lancy y a ellos adjudicada en el remate judicial, sabiendo su padre Camilo Suriñach que

pertenecía al demandante; en cuanto a Francisca y Consuelo Arán se alegó que están obligadas a poner la finca a la libre disposición del demandante y a gestionar lo necesario para que pueda ser inscrita en el registro de la propiedad la venta que de ella le hizo su causante; también aparece de los documentos que la demanda original fué notificada personalmente a Francisca y Consuelo Arán el día. 24 de diciembre de 1913, habiendo sido anotada su rebeldía en 19 de septiembre de 1916 y que los demandados, representados por su padre Camilo Suriñach, contestaron la demanda; que la demanda enmendada no fué notificada a los demandados Arán; que dictada sentencia decretando la rescisión de la venta hecha por el márshal a favor de los demandados, ordenando la cancelación de su inscripción en el registro y condenando en costas y demás gastos a los demandados que comparecieron, interpusieron apelación de ella los menores hijos de Camilo Suriñach por medio de sus abogados, la que fué notificada únicamente al demandante.

Empezando por el segundo fundamento de la moción de desestimación, diremos que si bien Camilo Suriñac figura en el pleito como demandado no lo fué por derecho propio sino como representante legal de sus menores hijos demandados por lo que la apelación interpuesta a nombre de éstos por los abogados ha de considerarse interpuesta por el padre en la representación que ostenta ya que sus hijos menores nada pueden pedir por sí mismos a la corte por su minoría de edad, por lo que no había necesidad de notificar la apelación a Camilo Suriñach independientemente, como si tuviera interés personal en la apelación, que en efecto no tenía.

¿La falta de notificación de la apelación a los demandados declarados rebeldes es motivo para que desestimemos esta apelación? Tal es la cuestión que envuelve el primer fundamento de la moción.

Dice el artículo 296 del Código de Enjuiciamiento Civil que una apelación se interpone entregando al secretario de la corte en que fué dictada o registrada la sentencia o provi-

dencia apelada, un escrito manifestando que se apela de ella, o de determinada parte de la misma, y presentando idéntica manifestación a la parte contraria o a su abogado.

Comentando nosotros este artículo en el caso de Candelas contra Ramírez, 20 D. P. R. 34, dijimos que la frase "parte contraria a los efectos de una apelación" no se refiere a todas aquellas personas que han sido partes en el juicio ante el tribunal *a quo*, sino solamente a las que de ellas puedan ser afectadas por una revocación o modificación de la sentencia apelada, doctrina que fué citada en los casos de *Martínez* v. *Sucesión Laurido*, 21 D. P. R. 31, y de *Galafar* v. *Sucesión Morales*, 22 D. P. R. 491.

Es pues necesario de acuerdo con nuestro estatuto notificar la apelación a la parte que pueda ser perjudicada o afectada por la sentencia que se dicte en la apelación, sin que el hecho de que dicha parte se halle en rebeldía altere el deber que hay de hacerle la notificación.   El artículo 296 citado no hace distinción entre rebeldes o partes que hayan comparecido pues se limita a ordenar la notificación de la parte contraria o sea de la parte que pudiera ser perjudicada en la apelación, y la ley debe cumplirse.   En el voto concurrente que el Juez Sr. Wolf emitió en el caso de *Chiqués* v. *Polo*, 17 D. P. R. 93, expresó que la apelación debió notificarse al demandado rebelde.   En el de *Martínez* v. *Suc. Laurido, supra,* ya dijo todo este tribunal que la apelación debía notificarse a los demandados rebeldes que podían ser afectados por una revocación o modificación de la sentencia apelada e igual declaración se hizo en el caso de *Galafar* v. *Sucesión Morales, supra.*   En el de *Nieves v. Müllenhoff*, 22 D. P. R. 528 se desestimó la apelación por falta de notificación a un demandado citado por edictos y en los de *Sucn. Igaravídez* v. *Rubert Hermanos*, 23 D. P. R. 302, y de *Aponte* v. *Freiría*, 19 D. P. R. 1167, las apelaciones no se desestimaron porque los demandados rebeldes que no habían sido notificados de la apelación no eran parte contraria para ella pues no podrían ser perjudicadas por nuestra sentencia.   En California existe el mismo precepto que tiene el

artículo 296 que estamos considerando y en los casos de *Senter v. De Bernal,* 38 Cal. 637; *O'Kane* v. *Daly,* 63 Cal. 318, y *Lancaster* v. *Maxwell,* 103 Cal. 67, se desestimaron también apelaciones por no haber sido notificados los demandados rebeldes.

Sentado lo que precede veamos si Francisca y Consuelo Arán, rebeldes que no fueron notificados de la apelación, son parte contraria en ella.

Por el resumen que antes hemos hecho de la demanda se llega a la conclusión de que dichas demandadas no son partes contrarias en esta apelación porque alegándose en la demanda que su causante vendió al demandante la finca que luego embargaron y remataron los menores Suriñach como si fuera de la propiedad de Luis Arán, en nada afecta a los herederos de éste la sentencia que pueda dictarse en la apelación porque si dictamos sentencia revocando la que declaró la rescisión de la venta hecha a los menores Suriñach la finca vendría a quedar en poder de éstos y nada perderían las Arán con la revocación de la sentencia, que nada les dió ni a nada las condenó.

Por las razones expuestas la moción de desestimación de la apelación debe ser declarada sin lugar.

*Desestimada la moción.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.