COLLAZO, DEMANDANTE Y APELANTE, *v.* RIVERA, DEMANDADA Y APELADA.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección 2ª., en pleito sobre divorcio.

No. 1709.—Resuelto en enero 25, 1918.

DIVORCIO—PARTE CONTRARIA—SENTENCIA EN REBELDÍA—APELACIÓN—FALTA DE NOTIFICACIÓN DEL ESCRITO AL DEMANDADO REBELDE—DESESTIMACIÓN DE APELACIÓN.—Parte contraria es aquella que puede ser perjudicada o afectada por una revocación o modificación de la sentencia apelada, y por tanto es necesario, según el artículo 296 del Código de Enjuiciamiento Civil, notificar la apelación a la parte que pueda ser perjudicada o afectada por la sentencia que se dicte en apelación, sin que el hecho de que esa parte sea rebelde exima del cumplimiento del estatuto, que es general y no establece excepción alguna. En el presente caso se apeló de una sentencia dictada en rebeldía en pleito de divorcio y fué desestimado el recurso por no haberse notificado el escrito de apelación a la demandada rebelde.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Enrique Rincón.*

Abogado de la apelada: *Sr. Benjamín Guerra.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

Se trata de un recurso de apelación interpuesto por el demandante Juan Collazo López contra sentencia que en rebeldía de la demandada María Rivera Hernández dictó la Corte de Distrito de San Juan, Sección 2ª., en 6 de junio de 1917, declarando sin lugar la demanda de divorcio con costas a dicho demandante.

Antes de celebrarse la vista del recurso, la parte apelada presentó moción escrita a esta corte para que fuera desestimada la apelación por el fundamento de no habérsele notificado el escrito de apelación, cuya moción fué discutida en el acto de la vista sin que el apelante hiciera otra impugnación a ella que la creencia de que el artículo 323 del Código de Enjuiciamiento Civil la eximía del deber de hacer la notificación cuando se trataba de un demandado rebelde.

La moción de desestimación está bien fundada.

El artículo 296 del Código de Enjuiciamiento Civil dice que una apelación se interpone entregando al secretario de la corte en que fué dictada o registrada la sentencia o providencia apelada, un escrito manifestando que se apela de ella, o de determinada parte de la misma, y presentando idéntica manifestación a la parte contraria o a su abogado.

Parte contraria es aquélla que puede ser perjudicada o afectada por una revocación o modificación de la sentencia apelada, y por tanto, es necesario según nuestro estatuto notificar la apelación a la parte que puede ser perjudicada o afectada por la sentencia que se dicte en apelación, sin que el hecho de que esa parte sea rebelde exima del cumplimiento del estatuto siendo como es general y no estableciendo excepción alguna. *Candelas* v. *Ramírez*, 20 D. P. R. 34; *Martínez* v. *Sucesión Laurido*, 21 D. P. R. 31; *Galafar* v. *Sucesión Morales*, 22 D. P. R. 491; y *Ninlliat* v. *Suriñach et al.*, 25 D. P. R. 548.

Haciendo aplicación al presente caso de la doctrina expuesta, tenemos que la apelada es parte necesaria en el

recurso, pues si se revoca la sentencia apelada según pretende el recurrente, la resolución necesariamente afectaría a la demandada-apelada.

Procede desestimar el recurso sin discutirlo en su fondo o méritos.

*Desestimada la apelación.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro y Hutchison.

El Juez Asociado Sr. Aldrey no intervino en la resolución de este caso.