Buonomo, Demandante y Apelante, *v.* Sucesión Juncos, Demandada y Apelada.

Apelación procedente de la Corte de Distrito de Humacao en pleito sobre reivindicación.

No. 2003.—Resuelto en marzo 28, 1919.

Desestimación de Apelación—Parte Contraria—Notificación de Apelación.— La frase ''parte contraria'' a los efectos de la notificación del recurso de apelación a que se refiere el artículo 296 del Código de Enjuiciamiento Civil, no se refiere a todas las partes demandadas, sino solamente a las que de ellas puedan ser afectadas por una revocación o modificación de la sentencia apelada; por tanto, no procede desestimar una apelación por el fundamento de no haberse notificado el establecimiento del recurso a una parte demandada cuyo interés en la contienda es puramente de carácter moral.

Id.—Apelación Frívola o Proseguida sin Diligencia o Buena Fe.—Para que el Tribunal Supremo desestime una apelación por el fundamento previsto en la sección 59 de su reglamento, es necesario probar satisfactoriamente que el apelante no ha proseguido su apelación con la debida diligencia o buena fe, o que tal apelación es frívola.

Los hechos están expresados en la opinión.
Abogado del apelante: *Sr. Francisco González.*
Abogados del apelado: *Sres. Antonio Sarmiento y Joaquín Vendrell.*

El Juez Asociado Sr. del Toro, emitió la opinión del tribunal.

La demandada Sucesión de Manuel Juncos Solís, compuesta de su hija natural Perfecta Juncos, solicita la desestimación del recurso de apelación interpuesto por el demandante Daniel Buonomo López, porque el escrito interponiéndola no se notificó a Laura López y a sus hijos, partes necesarias en el pleito; porque el apelante ha sido negligente en la tramitación del recurso, y porque la apelación es frívola.

De los documentos archivados en esta Corte Suprema por la parte apelada aparece que Daniel Buonomo López entabló una demanda en la Corte de Distrito de Humacao contra la Sucesión de Manuel Juncos, compuesta de su hija natural Perfecta Juncos, en reivindicación de dos fincas rústicas. Emplazada dicha sucesión contestó la demanda y además contrademandó al dicho Buonomo y a la Sucesión de Juan Juncos Solís, compuesta de su viuda Laura López y de sus hijos, alegando que las fincas descritas en la demanda fueron adquiridas por el causante de la demandada y contrademandante Perfecta Juncos por adjudicación héchale en cierto pleito seguido por él contra la dicha Sucesión de Juan Juncos Solís, y que, eso no obstante, Laura López, fraudulentamente y en confabulación con el demandante Buonomo, se hizo adjudicar en las operaciones testamentarias de Juan Juncos Solís las dichas fincas, vendiéndolas luego al repetido Buonomo, logrando éste que las adjudicaciones y los traspasos se inscribieran en el registro de la propiedad. La Sucesión de Juan Juncos Solís fué emplazada y como no compareciera, se anotó su rebeldía. Celebrada la vista, la corte declaró sin lugar la demanda y con lugar la contrademanda ordenando en su consecuencia que se cancelaran las inscripciones que figuraban en el registro a favor de Laura López y de Buonomo en relación con las fincas indicadas. Buonomo apeló y no notificó su escrito a la Sucesión de Juan Juncos Solís. Y la Sucesión de Manuel Juncos Solís, solicita ahora,

por tal motivo entre otros, como hemos dicho, la desestimación del recurso.

De acuerdo con la ley—artículo 296 del Código de Enjuiciamiento Civil—el escrito de apelación debe notificarse a la parte contraria o a su abogado. Parte contraria, de acuerdo con la jurisprudencia, (véase el caso de *Ninlliat* v. *Suriñach,* 25 D. P. R. 548, 551, y los en él citados), quiere decir aquella que pueda ser afectada por una revocación o modificación de la sentencia y en este caso concreto no se ha demostrado en qué forma pudiera afectar a la Sucesión de Juana Solís la revocación o la modificación de la sentencia. Por ésta se anularon los traspasos hechos por Laura López a Buonomo, traspasos que, según declaró probado la corte de de distrito, "se llevaron a efecto en abierta confabulación y con el propósito de perjudicar a los legítimos herederos de Manuel Juncos Solís, verdaderos dueños de las fincas descritas". Si se confirma la sentencia, el estado de cosas será el mismo que si el recurso de apelación no hubiera sido interpuesto. Y si se revoca o modifica en el sentido de declarar con lugar la reivindicación, nada ganará Laura López, pues la finca pasará al poder del comprador Buonomo. Sólo puede reconocerse en ella un interés moral en la revocación de la sentencia o sea el de borrar el pronunciamiento relativo al traspaso fraudulento hecho a Buonomo, y se ha resuelto que tal interés no es bastante para establecer una apelación. Véase el caso de *Freire* v. *Quintero,* 23 D. P. R. 128.

En cuanto a la negligencia de la parte apelante en la tramitación del recurso, no se ha demostrado que exista. Si bien los autos no se han archivado dentro del término de noventa días, es lo cierto que se está tramitando la aprobación de la exposición del caso de acuerdo con prórrogas concedidas por la corte *a quo.*

Tampoco se ha demostrado que la apelación sea frívola. La parte apelada se limita a alegar que lo es, sin exponer razón alguna en pro de su afirmación. Además, aunque se han traído copias certificadas de las alegaciones y de docu-

mentos, no existe ante nosotros una relación completa del caso tal como se vió en la corte de distrito.

Por virtud de todo lo expuesto, debe declararse no haber lugar a la desestimación del recurso.

*No ha lugar a la desestimación del recurso.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.