FALCÓN ET AL., DEMANDANTES Y APELANTES, *v.* SUCESIÓN IGNACIO, DEMANDADOS Y APELADOS.

No. 3325.—*Visto:* Noviembre 28, 1924. *Resuelto:* Febrero 4, 1925.

APELACIÓN—NOTIFICACIÓN DE APELACIÓN—PARTE CONTRARIA.—Cuando en una demanda de nulidad por fraude en actos y contratos se incluye como demandado al hipotecario de una de las fincas objeto de la reclamación y a su cesionario y no se imputa fraude contra estos, la apelación de una sentencia desestimando la demanda en cuanto al hipotecario y su cesionario no es preciso notificarla a los demandados restantes.

NULIDAD—CONOCIMIENTO DE LOS DEFECTOS EN EL TÍTULO DEL HIPOTECANTE—VICIOS QUE CONSTAN DEL REGISTRO—ALEGACIONES INSUFICIENTES.—La alegación de que eran del dominio público las irregularidades y simulaciones de los demandados que se confabularon para defraudar a los demandantes el derecho hereditario que tenían sobre cierta finca, no imputa suficientemente el conocimiento que es necesario para que el acreedor hipotecario y su cesionario, demandado también, no pudieran invocar su condición de terceros; y no es suficiente tampoco la afirmación, hecha en forma de conclusión, de que los vicios de nulidad constaban del registro.

SENTENCIA de *Angel Acosta,* J. (Mayagüez), desestimando la demanda en cuanto a ciertos demandados, sin costas. *Revocada.*

J. C. Rivera, abogado de los apelantes; *J. Sabater,* abogado de los apelados.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Se inició este pleito con objeto de obtener la nulidad de determinados contratos y el pago de ciertas rentas. Se alega, en resumen, que doña Francisca Isasa falleció en 1915 dejando como herederos a sus hijos Ignacio Seín y Rafael Buet y a sus nietos Juan, Monserrate y María, hijos de su hijo Juan, casado con la demandante Gumersinda Falcón. Que doña Francisca era dueña al morir de cinco fincas rústicas que se describen y de las cuales se posesionaron los herederos Ignacio Seín y Rafael Buet, encontrándose los nietos, menores de edad, fuera de Puerto Rico. Que con objeto de despojar de su derecho a los nietos, se simularon varios contratos y últimamente no se pagaron las contribuciones, y, por la suma de $78.16 valor de dichas contribuciones, se vendieron todas las fincas que valían miles de pesos, adquiriéndolas Francisco del Moral en combinación con los

dichos Seín y Buet. Que se tramitó un expediente de dominio agrupándose todas las fincas y entonces, simuladamente, del Moral vendió una porción a Ignacio Seín y otra a Rafael Buet. Y que así las cosas, Ignacio Seín hipotecó la porción adquirida del modo indicado a Oliva Cintrón, quien traspasó la hipoteca a Hirán Gómez.

Oliva Cintrón e Hirán Gómez demandados en el pleito en unión de los herederos de Ignacio Seín, Rafael Buet, Francisco del Moral y otras personas, alegaron la excepción previa de falta de hechos suficientes para determinar una causa de acción en cuanto a ellos. Oídas las partes, la corte declaró la excepción con lugar y ordenó que se registrara sentencia desestimando la demanda en cuanto a los dichos demandados Cintrón y Gómez, con imposición de las costas a los demandantes. No conformes los demandantes, interpusieron el presente recurso de apelación señalando en su alegato tres errores cometidos, a su juicio, por la corte, al resolver que la demanda no aducía hechos suficientes para determinar una causa de acción, al reconocer el carácter de terceros en los demandados Oliva Cintrón e Hirán Gómez, y al no concederle en todo caso a los demandantes permiso para enmendar su demanda.

Antes de proceder al estudio y resolución de los errores señalados, precisa decidir una cuestión previa suscitada por los apelados.

Sostienen dichos apelados Cintrón y Gómez que debe desestimarse el recurso porque el escrito interponiéndolo no se notificó a todas las partes interesadas. En efecto la notificación sólo se hizo a Oliva Cintrón y a Hirán Gómez y no a los restantes demandados en el pleito. ¿Eran los restantes demandados partes realmente interesadas en el recurso? Veámoslo.

No se imputa a los demandados Cintrón y Gómez participación en los fraudes a virtud de los cuales se solicita la nulidad de los actos y contratos a que se refiere la demanda. Se les atribuye conocimiento de los mismos. ¿Ganarían o

perderían los otros demandados con la revocación o confirmación de la sentencia apelada?

La sentencia se dictó sobre las alegaciones. Los demandados Cintrón y Gómez actuaron independientemente. La sentencia en verdad sólo interesa a los demandantes y a los demandados Cintrón y Gómez; no a los otros. Si las nulidades fueran decretadas quedando en vigor la sentencia apelada, la hipoteca a favor de Cintrón y Gómez subsistiría. Si la sentencia apelada se revoca, la cuestión de la subsistencia de la hipoteca quedaría abierta nuevamente ante la corte inferior. Cambia, pues, la situación del acreedor, pero no la del deudor que está obligado a pagar siempre cualquiera que sea la resolución del pleito en cuanto a él.

En el caso de *Ninlliat* v. *Suriñach et al.,* 25 D.P.R. 548, se decidió lo que sigue:

"Alegándose en la demanda de este caso que el causante de las demandadas, que no fueron notificadas de la apelación, vendió al demandante la finca que luego embargaron y remataron los otros demandados ahora apelantes como si fuera de la propiedad de dicho causante, en nada afecta a los herederos de éste la sentencia que pueda dictarse en la apelación, porque si se dicta sentencia revocando la que declaró la rescisión de la venta hecha a los apelantes la finca vendría a quedar en poder de éstos y nada perderían aquellas demandadas con la revocación de la sentencia que nada les dió ni a nada las condenó, por lo que no son partes contrarias en la apelación."

Y la doctrina de que la frase "parte contraria" a los efectos de la notificación del recurso de apelación que usa el art. 296 del Código de Enjuiciamiento Civil, no se refiere a todas las partes demandadas, sino solamente a las que de ellas puedan ser afectadas por la revocación o modificación de la sentencia apelada, está sostenida en repetidas decisiones de esta corte, entre otras, en los casos de *Buonomo* v. *Sucesión Juncos,* 27 D.P.R. 273; *Collazo* v. *Rivera,* 26 D.P. R. 92; *Martínez* v. *Sucesión Laurido et al.,* 21 D.P.R. 30; *Candelas* v. *Ramírez,* 20 D.P.R. 34.

Siendo ello así, opinamos que bastaba la notificación de la apelación a los demandados Cintrón y Gómez para que el recurso quedara debidamente interpuesto y en su virtud que no procede por tal motivo su desestimación.

Examinemos ahora si la demanda aduce o nó una buena causa de acción en cuanto a los demandados Cintrón y Gómez. El párrafo pertinente de la misma es el once, que dice:

"Que a pesar que era y es de dominio público las irregularidades y simulaciones puestas en práctica por don Ignacio Seín e Isasa y don Rafael Bouet e Isasa, para privar de sus derechos hereditarios a estos demandantes, y a pesar que del propio Registro de la Propiedad constan los defectos de los títulos de adquisición de don Francisco del Moral, y del título de adquisición de los hermanos Seín y Bouet Isasa, no obstante, por escritura número 129 otorgada en Mayagüez el 8 de agosto de 1918, ante el notario de la misma vecindad don José Sabater, los esposos Ignacio Seín y Angela Falcón, suscribieron una escritura de hipoteca por la suma de $2,500.00, a favor de doña Oliva Cintrón, sobre la finca de sesenticuatro cuerdas que se describe, o sea la finca número 1286; inscrita en el Registro de la Propiedad, . . . . . . hipoteca, que por escritura número 124, . . . . . . doña Oliva Cintrón, por la suma de $2,000.00 cedió a favor de don Hirám Gómez, . . . . . ."

Sostienen los apelantes que imputándose como se imputa el conocimiento de los fraudes a los demandados Cintrón y Gómez y alegándose el hecho de que los vicios de nulidad constan del registro, los dichos demandados no tienen el carácter de terceros, único que les aseguraría su hipoteca aunque se destruyera el título de su deudor.

Si el conocimiento se imputara debidamente y se alegara también debidamente que los vicios de nulidad constaban del registro, estaríamos conformes con los apelantes, ya que como decidió esta corte en el caso de *Ninlliat* v. *Suriñach et al.*, 24 D.P.R. 67, "no tiene el carácter de tercero el que compra con conocimiento de que su vendedor no es dueño de la cosa vendida, . . . . . ." principio que es aplicable al que hipoteca, pero la alegación de que eran del dominio pú-

blico las irregularidades y simulaciones es demasiado amplia y la afirmación de que los vicios de nulidad constan del registro se hace en forma de conclusión y ello no es en verdad suficiente.

Ahora bien, ¿fué procedente que el juez al declarar con lugar la excepción ordenara como ordenó que se registrara una sentencia desestimando la demanda en cuanto a los demandados Cintrón y Gómez con las costas a los demandantes, sin dar a éstos la oportunidad de enmendar su alegación?

A nuestro juicio la demanda es susceptible de enmienda y en tal virtud la justicia requería y requiere que se dé la oportunidad solicitada a los demandantes, procediendo por este motivo y con tal fin la *revocación de la sentencia recurrida.*