The United Porto Rican Bank, demandante y apelante, *v.* Irene Carattini Vda. de Mendoza, Fernando, Hipólito, Irene y Ofelia Mendoza et als., demandados y apelados.

No. 6251.—*Sometido:* Mayo 29, 1933. *Resuelto:* Mayo 31, 1933.

El Juez Asociado Señor Córdova Dávila, emitió la opinión del tribunal.

The United Porto Rican Bank promovió demanda contra Irene Carattini viuda de Mendoza, Fernando, Hipólito, Irene y Ofelia Mendoza *et als.*, ante la Corte de Distrito de Guayama, en cobro de pesos, y para asegurar la efectividad de la sentencia embargó ciento setenta y dos bueyes pertenecientes a los demandados. El Banco de Ponce, en ejecución de una hipoteca constituída a su favor sobre doscientos bueyes propiedad de los demandados, requirió al márshal de la Corte de Distrito del Distrito Judicial de Guayama, Puerto Rico, para que procediese a incautarse del ganado embargado, por entender que el mismo estaba incluído dentro de la hipoteca. Se incautó el márshal de ciento cincuenta y dos de los bueyes embargados y la demandante, The United Porto Rican Bank, solicitó de la Corte de Distrito de Guayama una orden para que el márshal mostrara causa por la cual no había de devolver los bueyes mencionados, pidiendo que al mismo tiempo se suspendiera la subasta que había sido previamente anunciada por el márshal para la venta de dichos bueyes. Dictó la corte la orden de entredicho y más tarde la dejó sin efecto declarando sin lugar la solicitud de *injunction* presentada por la demandante. Interpuso The United Porto Rican Bank recurso de apelación contra la resolución de la corte y ahora comparecen el Banco de Ponce y el márshal, Pablo Léctora, solicitando que se desestime el recurso interpuesto, entre otras razones, porque el escrito de apelación no fué notificado a los demandados en el pleito, doña Irene Carattini viuda de Mendoza, Fernando, Hipólito, Irene y Ofelia Mendoza, quienes como partes pueden ser afectados por el resultado de esta controversia. The United Porto Rican Bank

alega que los demandados no tienen interés alguno en este incidente, en que se trata de un conflicto de derecho entre dos acreedores, y sobre todo de una cuestión del procedimiento a seguir para dilucidar tal conflicto.

No hay duda alguna de que los demandados son legítimos dueños de los bueyes objeto de esta controversia suscitada entre la demandante y el Banco de Ponce. La demandante sostiene que el márshal carecía de autoridad para apoderarse de los bueyes, que estaban en poder de un depositario en virtud del embargo, y niega que el Banco de Ponce tenga hipoteca alguna sobre los bueyes embargados. Por el contrario el Banco de Ponce alega que se trata de los mismos bueyes hipotecados y que el márshal actuó dentro de sus atribuciones. A nuestro juicio los demandados como dueños legítimos de los bueyes son partes interesadas, sin que pueda decirse que no han de resultar afectados por la resolución que se dicte en este caso. Si realmente estos bueyes han sido hipotecados al Banco de Ponce, los demandados tienen derecho a que se les descuente de su obligación el importe de los mismos, una vez aplicado al pago de la deuda, y a que se les releve desde esa fecha del pago de intereses por la suma así satisfecha. Tanto The United Porto Rican Bank como el Banco de Ponce pretenden aplicar estos bueyes al pago de ciertas obligaciones que se alega han sido contraídas a su favor por el causante de los demandados. Mientras éstos sean dueños legítimos de los referidos bienes, cualquier paso que se inicie por la vía judicial para privarles del dominio de los mismos tiene que afectarles directamente. Es verdad que en este caso se trata de una contienda entre dos acreedores sobre los bienes de los demandados, pero esto no quiere decir que para dirimir esta contienda se prescinda de los legítimos dueños, para los cuales quizá no sea lo mismo una solución que otra, es decir, que los bueyes continúen embargados o que sean aplicados por el Banco de Ponce al pago de su alegado crédito hipotecario.

*Opinamos que ha debido notificarse el recurso interpuesto*

*a las partes demandadas y que la apelación debe desestimarse por no haberse cumplido con el requisito de notificar a todas las partes.*