RAFAEL TORRELLAS, demandante y apelado, *v.* MARIO FUENTES MORALES, JUAN JAIME, AMERICAN SURETY COMPANY OF NEW YORK y MUNICIPIO DE HUMACAO, demandados y apelantes el segundo y la tercera.

Núm. 8218.—*Sometido:* Julio 22, 1940. *Resuelto:* Julio 26, 1940.

*Harry F. Besosa,* abogado de los apelantes; *F. González Fagundo,* abogado del apelado.

El Juez Presidente Señor Del Toro emitió la opinión del tribunal.

Éste es un pleito en cobro de dinero iniciado por Rafael Torrellas contra Mario Fuentes, Juan Jaime, American Surety Co. of New York y el Municipio de Humacao, que fué resuelto por la siguiente—

"Sentencia

"Por los fundamentos de la opinión que se une a los autos y se hace formar parte de esta sentencia, la corte declara con lugar la demanda en cuanto a Mario Fuentes Morales, Juan Jaime Méndez y American Surety Co. of New York, condenando a éstos a pagar solidariamente al demandante la cantidad de $737.01, importe de los dos certificados cuyo pago se reclama en las causas de acción primera y segunda, con más las costas y $200 para honorarios de abogado, y sin lugar la demanda con respecto al demandado Municipio de Humacao, debiendo el demandante satisfacer a éste las costas en que haya incurrido y $75 como honorarios de abogado."

No conformes dos de los demandados condenados por la sentencia, apelaron de ella, como sigue:

"Comparecen los demandados Juan Jaime y American Surety Co. of N. Y., por medio de su abogado, Harry F. Besosa, ante esta Hon. Corte, y respetuosamente notifica a la misma que no estando conforme con la sentencia dictada con fecha 11 de marzo de 1940 y notificada el 14 de marzo de 1940 por esta Hon. Corte en el caso de epígrafe, apelan para ante la Corte Suprema de P. R.

"San Juan para Humacao, P. R., hoy día 19 de marzo de 1940.

(Fdo.)   Harry F. Besosa,
Abogado de los demandados
Juan Jaime y American
Surety Co. of N. Y.

"Yo, Harry F. Besosa, certifico: Que soy abogado de los demandados en este caso y que hoy día 19 de marzo de 1940 he remitido por correo ordinario, copia fiel y exacta de la anterior Notificación de Apelación, a los Lcdos. González Fagundo & González Jr., a su residencia en Humacao, P. R., pagando el necesario franqueo y

haciendo constar que entre esa ciudad y San Juan, existe un servicio regular de correo.

(Fdo.)   Harry F. Besosa

''Radicado este documento hoy 21 de marzo de 1940.

Mariano Acevedo Zeno<br>
Secretario Corte Distrito, Humacao, P. R.<br>
Por:  J. Medina Olivo (Fdo.)<br>
Subsecretario.''

Así las cosas, el demandante apelado compareció ante esta corte en solicitud de que se desestime la apelación por no haberse notificado el escrito interponiéndola al demandado Mario Fuentes Morales, porque no existe un escrito de apelación propiamente dicho y porque la notificación de dicho escrito es completamente nula.

██ Para sostener que la notificación al codemandado Fuentes era necesaria cita el apelado Torrellas la siguiente jurisprudencia de esta propia corte: *United P. R. Bank* v. *Carattini,* 45 D.P.R. 180; *Palerm* v. *Vargas,* 41 D.P.R. 578; *Ninlliat* v. *Suriñach,* 25 D.P.R. 548; *Galafar* v. *Sucesión Morales,* 22 D.P.R. 491, *Martínez* v. *Sucesión Laurido,* 21 D.P.R. 30, y *Candelas* v. *Ramírez,* 20 D.P.R. 34.

Examinados los hechos, de ellos resulta que si bien el demandado Fuentes dejado de notificar es una parte interesada en el pleito, no es una parte contraria o adversa en la apelación.   Sus intereses son afines a los de los apelantes. Y siendo ello así no era necesario notificarlo, de acuerdo con lo repetidamente resuelto por este tribunal.  *F. González Fagundo* v. *J. Z. Berríos* y casos en él citados, decidido el 19 de este mismo mes de julio (ante, pág. 394), y *Ramírez* v. *Pumares,* 28 D.P.R. 121, 134; *Buonomo* v. *Sucesión Juncos,* 27 D.P.R. 273; *Collazo* v. *Rivera,* 26 D.P.R. 92, y *Sucesores de L. Villamil & Co.* v. *Solá,* 22 D.P.R. 531, 532, citados por los apelantes en su informe oral.

De los casos citados por el demandante apelado, le son adversos Ninlliat, supra, Galafar, supra, y Candelas, supra, y otros no son aplicables—U. P. R. Bank, supra, y Martínez,.

supra. El único que podría favorecerle es el de *Palerm* v. *Vargas,* en el que se dijo:

"En cuanto al segundo motivo, o sea que el apelante Pedrosa no notificó esta apelación a su codemandado Vargas, el apelante en su oposición sostiene que esto no era necesario, porque Vargas no contestó la demanda, ni se anotó su rebeldía. De la transcripción del récord aparece que Vargas formuló excepción previa, conjuntamente con Pedrosa, y luego no contestó la demanda. Vargas es una parte interesada en el pleito, y la notificación de la apelación debió hacerse a tal interesado."

El caso tiene sus circunstancias especiales y quizá podría distinguirse examinando sus hechos ya que pueden existir codemandados con intereses encontrados entre sí, pero de todos modos como el lenguaje usado en la opinión, "parte interesada" simplemente, puede inducir a error, debe aclararse en el sentido de que quiso decirse "parte interesada contraria."

En cuanto a que no existe escrito de apelación, no se dice por qué. Examinándolo encontramos que en efecto en vez de notificarse al secretario como dice la ley, se notifica a la corte, pero como de hecho se radicó con el secretario, nos parece que aunque defectuoso, es suficiente.

Y por último en cuanto a que la constancia que el escrito contiene al pie con respecto a la notificación a la parte contraria, el demandante, es nula por no haberse hecho bajo juramento, diremos que en efecto no es suficiente la constancia para dejar acreditada por sí sola la notificación. Véase *Serra* v. *Corte Municipal,* 49 D.P.R. 542, citado por el apelado.

Pero como durante la vista de la moción el apelado por su abogado asintió a la manifestación hecha por el abogado de los apelantes de que había recibido la notificación, debe concluirse que los fines de la ley se cumplieron, surgiendo clara la jurisdicción de esta corte para conocer del recurso.

*La moción de desestimación debe, pues, declararse sin lugar.*

El Juez Asociado Sr. De Jesús no intervino.