CANDELAS, DEMANDANTE Y APELADA, *v.* RAMÍREZ ET AL., DEMANDADOS Y APELANTES.

APELACIÓN procedente de la Corte de Distrito de Guayama en un caso sobre reclamación de alimentos.

MOCIÓN de la parte apelada para que se desestime la apelación.

No. 1052.—Resuelto en enero 15, 1914.

DESESTIMACIÓN DE APELACIÓN—PARTE CONTRARIA—NOTIFICACIÓN DEL ESCRITO DE APELACIÓN.—La frase parte contraria a los efectos de una apelación no se refiere a todas aquellas personas que han sido partes en el juicio ante el tribunal *a quo,* sino solamente a la que de ellas pueda ser afectada por una revocación o modificación de la sentencia apelada.

ID.—PARTE CONTRARIA EN UNA RECLAMACIÓN DE ALIMENTOS—NOTIFICACIÓN DE LA APELACIÓN.—Seguido pleito en reclamación de alimentos contra el padre

y contra la abuela paterna, la apelación que por ésta se interpone debe ser notificada al padre codemandado, porque siendo su obligación de suministrarlos subsidiaria a la del padre, puede afectar a éste la revocación o modificación de la sentencia que se dicte en grado de apelación.

ID.—NOTIFICACIÓN DEL ESCRITO DE APELACIÓN.—La falta de notificación del escrito de apelación a la parte contraria produce la desestimación del recurso.

Los hechos están expresados en la opinión.

Abogado de la apelante Carmen Ramírez: *Sr. Herminio Díaz Navarro.*

Abogado de la apelada. *Sr. C. Domínguez Rubio.*

EL JUEZ ASOCIADO SR. ALDREY emitió la opinión del tribunal.

La parte apelada nos presentó moción para que desestimáramos la apelación en este caso, cuya resolución dejamos pendiente para después que se celebrara la vista del recurso. Esta ha tenido lugar y por consiguiente la primera cuestión a resolver es si procede o nó la desestimación interesada.

El fundamento de la moción de desestimación es que la parte apelante dejó de notificar su apelación a su codemandado Juan Guiot.

De los autos aparece que la demandante trata de obtener alimentos para sus hijos y que seguido el pleito contra el padre de ellos, Juan Guiot, y contra la abuela paterna Carmen Ramírez, se dictó resolución por la corte inferior condenando a la última a pasar un pensión alimenticia a sus nietos. Interpuesta apelación por la abuela, resulta de los autos que fué notificada únicamente al abogado de la parte demandante. La cuestión, pues a resolver ahora es si la notificación al codemandado Juan Guiot era necesaria, toda vez que si lo es, el recurso no estaría perfeccionado y no podríamos considerarlo, *Whipley* v. *Mills,* 9 Cal., 641; *Beets* v. *Chart,* 79 Cal., 185; y *Lancaster* v. *Maxwell,* 103 Cal., 67.

El artículo 296 del Código de Enjuiciamiento Civil exige que las apelaciones para ante esta Corte Suprema se notifiquen al secretario de la corte inferior y a la parte contraria (*adverse party*), o a su abogado. Esta notificación la exige también el artículo 940 del Código de Enjuiciamiento Civil de California, cuyo Tribunal Supremo ha interpretado la frase

"parte contraria" (*adverse party*) en el sentido de que no se refiere a todas aquellas que han sido partes en el juicio ante el tribunal *a quo,* sino solamente a las que de ellas pueda ser afectada por una revocación o modificación de la sentencia apelada. *O'Kane* v. *Daly,* 63 Cal., 317; *Millikin* v. *Houghton,* 75 Cal., 540, y casos en ellos citados.

De acuerdo con la interpretación dada en esas resoluciones a la frase parte contraria (*adverse party*) empleada por la ley, que encontramos asertada, porque si los derechos de alguno de los litigantes no han de ser afectados por la sentencia que se dicte en grado de apelación, no ha de importarle el recurso y no es indispensable su notificación, lo que hemos de determinar es si Juan Guiot es o nó parte contraria en esta apelación.

Es indudable que si los hijos de la demandante y apelada están necesitados de alimentos, en el sentido en que esta palabra se usa en la ley, la obligación de facilitárselos recae en primer término en los padres y que ese deber no nace en la abuela demandada sino en el caso de que aquéllos no puedan proporcionarlos. La obligación de la abuela es, por tanto, subsidiaria, de acuerdo con el artículo 214 del Código Civil Revisado, y por consiguiente, pudiendo revocar nosotros la sentencia apelada por el fundamento de que no ha nacido para la apelante la obligación de alimentar a sus nietos, si no aparece demostrado que el padre carece de recursos para cumplir ese deber, puede afectarle una revocación nuestra porque en ese caso equivaldría a declarar que debe ser condenado al pago el demandado que no fué notificado del recurso. Por estas consideraciones llegamos a la conclusión de que era una parte contraria (*adverse party*) para la tramitación de este recurso y que por no habérsele notificado ha quedado incumplida la ley e imperfecta la apelación, debiendo desestimarla.

Es verdad que el fallo de la corte no contiene declaración alguna con respecto a Juan Guiot, pues ni lo absuelve ni lo condena, a pesar de que fué una parte en el litigio, pero no sólo la propia resolución establece como hecho probado que

dicho demandado es insolvente sino que la condena de la abuela, por ser subsidiaria su obligación a la de su codemandado, lleva en sí la absolución de éste.

Debiendo desestimar el recurso por la razón expuesta, estamos impedidos de considerar los motivos en que se basa.

La apelación debe ser desestimada.

*Desestimada la apelación.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y del Toro.