GALAFAR, DEMANDANTE Y APELANTE, *v.* SUCESIÓN MORALES,
DEMANDADA Y APELADA.

APELACIÓN procedente de la Corte de Distrito de Arecibo en causa sobre filiación.

No. 1233.—Resuelto en mayo 19, 1915.

APELACIÓN—PARTE CONTRARIA—NOTIFICACIÓN DEL ESCRITO DE APELACIÓN—ANOTACIÓN DE REBELDÍA.—Una parte contraria en un pleito, aun cuando se halle rebelde, tiene derecho a que se le notifique el escrito de apelación en cumplimiento del artículo 296 del Código de Enjuiciamiento Civil.

PARTE CONTRARIA—PARTES EN EL JUICIO—PARTES AFECTADAS POR LA REVOCACIÓN O MODIFICACIÓN DE LA SENTENCIA.—La frase "parte contraria" (*adverse party*) a que se refiere el artículo 296 del Código de Enjuiciamiento Civil, que es equivalente al 940 del de California, no se refiere a todas aquellas personas que han sido partes en el juicio ante el tribunal *a quo*, sino solamente a las que de ellas puedan ser afectadas por una revocación o modificación de la sentencia apelada.

FILIACIÓN—PARTE CONTRARIA—PARTE AFECTADA POR LA SENTENCIA.—En el presente caso se estableció demanda contra una sucesión para obtener sentencia en que se declare a la demandante hija reconocida con todos los derechos que en ese concepto le correspondan.   Una de las demandadas componentes de la sucesión no contestó la demanda, siendo anotada su rebeldía.   *Se resolvió* que. esta demandada rebelde era una parte contraria en el pleito, quien sería afectada por una sentencia que se dictara revocando la inferior, en la misma forma que los demás demandados.

Los hechos están expresados en la opinión.

Abogados de la apelante: *Sres. A. J. Amadeo* y *A. Malaret.*

Abogado de la apelada: *Sr. Herminio Miranda.*

El Juez Presidente Sr. Hernández, emitió la opinión del tribunal.

Se trata de una acción ejercitada por Bernarda Galafar representada por su madre Andrea Galafar Milián, y bajo la dirección del Letrado José E. Díaz, contra la Sucesión de Froilán Morales Ruíz compuesta de sus hermanos Florentino, Delfina, Jorge, Estebanía y Pantaleona Morales Ruiz, y de sus sobrinos Eugenio, Aurelio, Demetria Jesús, Leonardo, Julio, Filomena y Rosa Morales como hijos de su también hermano difunto Liborio Morales Ruiz, para obtener sentencia en que se la declare hija reconocida del Froilán Morales Ruiz con todos los derechos que en ese concepto le correspondan.

Con excepción de la demandada Estebanía los demás demandados ya relacionados contestaron la demanda representados por el abogado Herminio Miranda. La Estebanía Morales Ruiz a pesar de haber sido emplazada no compareció a contestarla y a petición de la demandante le fué anotada la rebeldía.

Después de celebrado el juicio la corte dictó sentencia en 13 de abril de 1914 declarando sin lugar la demanda con las costas a cargo de la parte actora, y contra esa sentencia la representación de la demandante interpuso apelación para ante esta Corte Suprema por medio de escrito dirigido al secretario de la corte y al abogado de los demandados Herminio Miranda, al que fué entregada copia de dicho escrito.

No aparece que ni ese letrado ni otro alguno haya comparecido en el juicio en representación de Estebanía Morales, después de anotada su rebeldía, y lejos de ello la misma Estebanía Morales al declarar como testigo manifestó que si bien en el presente caso fué incluída como demandada, no contestó la demanda porque reconoce a Bernarda Galafar como sobrina suya y sabe que es hija de su hermano Froilán. Además, el abogado de la demandante José E. Díaz expresa que bajo pliego certificado envió a Don Herminio Miranda, abogado de los demandados comparecientes, copia lite-

ral de la transcripción del récord de la apelación debidamente certificada por él como abogado del apelante, y dicho abogado Miranda formula su alegato escrito impugnando el recurso a nombre de los apelados que representa, sin haber hecho nunca mención de la rebelde Estebanía.

Como se ve, la demandada rebelde, Estebanía Morales, a pesar de ser conocida al demandante y de haber sido emplazada al principio, no fué notificada del escrito de apelación. No aparece del récord que haya comparecido al juicio representada por el abogado Miranda que es el que ha representado a los demás demandados. Aun más, el mismo abogado Miranda al contestar la demanda hace exclusión de la Estebanía y ésta al declarar en el juicio manifiesta que no la contesta por reconocer los derechos de la parte demandante.

Y la Estebanía era parte contraria en el pleito y tenía derecho a que se le notificara la apelación en cumplimiento del artículo 296 del Código de Enjuiciamiento Civil, expresivo de que ''una apelación se interpone entregando al secretario de la corte en que fué dictada o registrada la sentencia o providencia apelada, un escrito manifestando que se apela de ella, o de determinada parte de la misma, y presentando idéntica manifestación a la parte contraria o a su abogado.'' El Código de Enjuiciamiento Civil de California en su artículo 940 contiene igual precepto, y ya dijimos al resolver el caso de *Candelas* v. *Ramírez et al.,* 20 D. P. R., 33, que dicho Tribunal Supremo ha interpretado la frase ''parte contraria'' (*adverse party*) en el sentido de que no se refiere a todas aquellas que han sido partes en el juicio ante el tribunal *a quo,* sino solamente a las que de ellas puedan ser afectadas por una revocación o modificación de la sentencia apelada. *O'Kane,* v. *Daly,* 63 Cal., 317; *Millikin* v. *Houghton,* 75 Cal., 540; y casos en ella citados.

Estebanía Morales sería afectada por una sentencia que se dictara revocando la inferior, en la misma forma que los demás demandados. Posible es que siendo actualmente favo-

rable la sentencia apelada, sostuviera ella su confirmación no obstante la declaración que prestó en el juicio, si hubiera sido notificada de la apelación.

En apoyo de la doctrina que hoy sostenemos, además del caso ya citado de *Candelas* v. *Ramírez et al.,* podemos citar los de *Rondón* v. *Mollfulleda,* 16 D. P. R., 171; *Andújar et al.* v. *Alonso,* 17 D. P. R., 433; y *Martínez* v. *Sucesión Laurido,* 21 D. P. R., 30.

Por falta de notificación a uno de los demandados interesados, la apelación debe ser desestimada sin considerar los motivos en que se funda.

*Desestimada la apelación.*

Juéces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.