## PEREIDA, PETICIONARIO, *v.* FOOTE, JUEZ DE DISTRITO, DEMANDADO.

SOLICITUD para que se expida un auto de *certiorari* al Juez de la Corte de Distrito de Mayagüez en pleito sobre tercería de dominio.

No. 188.—Resuelto en julio 28, 1917.

TERCERÍA DE DOMINIO—APELACIÓN—NOTIFICACIÓN AL DEUDOR—INTERÉS EN EL RESULTADO DEL PLEITO.—En la apelación dé una sentencia sobre los méritos en pleito de tercería de dominio dictada en contra del tercerista y cuyo pleito fué seguido contra el acreedor y deudor, el acreedor habiendo obtenido sentencia anteriormente contra el deudor y la propiedad próxima a venderse en ejecución, tiene derecho el deudor aun cuando hubiere sido anotada su rebeldía, a ser notificado de la apelación, por tener no tan sólo un interés diametralmente opuesto al del tercerista sino también un interés directo y tangible en el resultado del pleito, el cual puede beneficiarle o perjudicarle.

Los hechos están expresados en la opinión.

Abogado del peticionario: *Sr. Pascasio Fajardo Martínez.*

El juez demandado, Hon. Charles E. Foote, no compareció.

EL JUEZ ASOCIADO SR. HUTCHISON, emitió la opinión del tribunal.

Francisco Bianchi Rosafá, a quien de ahora en adelante llamaremos acreedor, obtuvo sentencia en rebeldía en la Corte Municipal de Añasco por la cantidad de $320 contra Francisco Luis Deschoudens, a quien designaremos deudor.

El peticionario Eustaquio Pereida intervino reclamando como dueño cierta propiedad real embargada en el pleito original y que iba a venderse en ejecución, haciendo partes demandadas tanto al acreedor como al deudor; pero, no habiendo contestado el deudor, el secretario notó su rebeldía.

El tercerista apeló de una sentencia contra él sobre los méritos, y a instancias del deudor, a quien no se había notificado, la corte de distrito desestimó la apelación.

Los hechos expuestos son suficientes para distinguir el presente caso de los de *Ninlliat* v. *Suriñach* y *López* v. *Foote,* (págs. 548 y 552 del tomo). No solamente no hubo en este caso sentencia en rebeldía contra el deudor, sino que la sentencia sobre los méritos en favor del acreedor y contra el tercerista resultó ventajosa para el deudor en tanto en cuanto podía él beneficiarse por la misma. Declarado, efectivamente, ser el dueño de la propiedad real próxima a venderse en ejecución, y dando por sentado que él no puede evitar dicha venta, está interesado en cualquier exceso del montante de su deuda que pueda pertenecerle del producto de la venta en ejecución. Si el tercerista, en un juicio *de novo* en la corte de distrito, consiguiera la revocación de la sentencia de la corte municipal, entonces indudablemente, perdería el deudor la propiedad de que había sido declarado dueño. Y no es contestación a esto el decir que él perderá la propiedad de todos modos a menos que pague la deuda; pues si se le priva de la propiedad de esta manera, por lo menos queda su deuda cancelada; y como ya hemos sugerido él tiene derecho *prima facie,* en todo caso, a cualquier exceso del montante de la venta en ejecución. Su interés, por consiguiente, no es solamente diametralmente opuesto al del tercerista sino que es también un interés directo y tangible en el resultado de la apelación, la cual puede beneficiarle o perjudicarle, y es una consecuencia lógica que como parte contraria él tenía derecho a que se le notificara la apelación.

Debe anularse el auto expedido.

*Sin lugar la solicitud y anulado el auto expedido.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.