RAFAEL CARRIÓN, en su carácter de ADMINISTRADOR JUDICIAL DEL BANCO COMERCIAL DE PUERTO RICO, demandante y apelado, *v.* ENRIQUE TORAL y su esposa IGNACIA CRUZ, WEST INDIA OIL CO., y MANUEL RAMOS PÉREZ, demandados y apelantes.

No. 6231.—*Sometido:* Enero 9, 1933. *Resuelto:* Enero 19, 1933.

*J. Carbia,* abogado de los apelantes; *F. Ochoteco,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR CÓRDOVA DÁVILA, emitió la opinión del tribunal.

Rafael Carrión, en su carácter de administrador judicial del Banco Comercial de Puerto Rico, promovió demanda en cobro de crédito hipotecario, por la vía ordinaria, contra Eugenio Toral y su esposa Ignacia Cruz, como deudores hipotecarios, y contra West India Oil Company como acreedor posterior, y Manuel Ramos Pérez, quien aparece con un embargo debidamente inscrito a su favor sobre uno de los inmuebles hipotecados. La Corte de Distrito de Bayamón dictó sentencia ordenando a los demandados Eugenio Toral e Ignacia Cruz al pago de la deuda y a que se procediese, en defecto de pago, a la venta en pública subasta de los inmuebles objeto de la hipoteca. Se ordena además en la sentencia que una

vez celebrada la subasta, los bienes en cuestión queden libres de los gravámenes que tienen sobre los mismos los demandados West India Oil Company y Manuel Ramos Pérez, a cuya cancelación inmediata deberá proceder el registrador de la propiedad. Esta sentencia fué notificada a Eugenio Toral en 31 de octubre de 1932 y a West India Oil Company y Manuel Ramos Pérez en 24 de diciembre del mismo año. Eugenio Toral y su esposa promovieron recurso de apelación, y alega ahora el apelado que este recurso debe ser desestimado porque el escrito de apelación se notificó únicamente a la parte demandante y se omitió notificar a la West India Oil Company y a Manuel Ramos Pérez.

El artículo 296 del Código de Enjuiciamiento Civil exige que las apelaciones para ante esta Corte Suprema se notifiquen al secretario de la corte inferior y a la parte contraria o a su abogado. La parte contraria (*adverse party*) según dicho artículo, equivalente al 940 del Código de Enjuiciamiento Civil de California, no se refiere a todas aquellas personas que han sido partes en el juicio ante el tribunal *a quo,* sino solamente a las que de ellas puedan ser afectadas por una revocación o modificación de la sentencia apelada. *Candelas* v. *Ramírez,* 20 D.P.R. 33; *Galafar* v. *Sucn. Morales,* 22 D.P.R. 491; *Sucrs. de L. Villamil & Cía.,* v. *Solá,* 22 D.P. R. 531.

Opinamos que ni la West India Oil Company ni el Sr. Manuel Ramos Pérez son partes contrarias de acuerdo con el artículo 296 del Código de Enjuiciamiento Civil y la jurisprudencia que interpretando ese artículo tiene sentada este tribunal. En la actualidad tenemos una sentencia dictada contra los deudores hipotecarios, quienes han promovido un recurso de apelación. La revocación o modificación de esta sentencia en nada puede perjudicar los derechos del acreedor posterior y del Sr. Ramos Pérez, quien también posteriormente embargó uno de los inmuebles, inscribiendo ese embargo en el registro de la propiedad. Si esta sentencia no hubiese sido apelada y se hubiesen vendido los inmuebles

hipotecados en pública subasta, los acreedores posteriores tendrían que limitarse a ejercitar los derechos concedidos por la ley. Si se revocase la sentencia no ocuparían una posición menos ventajosa y podrían resultar beneficiados por la revocación.

Entendemos que debe declararse *sin lugar* la moción solicitando que se desestime el recurso de apelación interpuesto.