Gilberto Rodríguez, peticionario, *v.* Corte de Distrito de San Juan, Hon. Angel R. de Jesús, Juez, demandada.

No. 1051.—*Sometido:* Noviembre 11, 1935. *Resuelto:* Diciembre 23, 1935.

*Llorens & O'Neill,* abogados del peticionario; *Samuel R. Quiñones,* abogado de la demandante en el pleito principal.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

María R. de Serbiá hizo embargar un automóvil de Andrés Cortés y su esposa en pleito que contra ellos tenía establecido

en una corte municipal. Gilberto Rodríguez presentó demanda de tercería contra las dos partes del expresado pleito, alegando que había comprado ese automóvil en $150 a Andrés Cortés y solicitó que se declarase ser de la propiedad del tercerista y que le sea devuelto. La sentencia recaída en la tercería fué contraria a Gilberto Rodríguez, quien interpuso contra ella recurso de apelación para ante la Corte de Distrito de San Juan, donde la Sra. Serbiá solicitó que esa apelación fuese desestimada por no haber sido notificada la apelación a Cortés y su esposa. La corte de distrito desestimó la apelación por falta de esa notificación y el tercerista solicitó y obtuvo que se expidiera un auto de *certiorari* contra el juez de dicha corte.

La cuestión a resolver es si la apelación del tercerista tenía que ser notificada a Andrés Cortés y su esposa.

El artículo 296 del Código de Enjuiciamiento Civil dispone que la apelación de una sentencia debe ser notificada a la parte contraria o a su abogado; y en el caso de *Candelas* v. *Ramírez,* 20 D.P.R. 33, hemos resuelto que parte contraria en una apelación es la que puede ser afectada por una revocación o modificación de la sentencia apelada. Por consiguiente, lo que tenemos que declarar es si Cortés y su esposa, que son demandados en el procedimiento de tercería y también en el pleito seguido contra ellos por la Sra. Serbiá, pueden ser afectados o no por la revocación o modificación de la sentencia dictada en la tercería.

El objeto de la tercería de Gilberto Rodríguez es que sea declarado que el automóvil en cuestión es de su propiedad, y, por tanto, que no es de Cortés y su esposa, por lo que no pudo ser embargado para responder de la reclamación de Serbiá contra dichos consortes.

Al declarar la sentencia dictada en la tercería que el automóvil en cuestión no es de la propiedad del tercerista, dejó dicho automóvil en sus legítimos dueños Cortés y su esposa.

Hemos decidido varias veces que en casos como el presente los demandados en el pleito principal y en la tercería son

partes contrarias en una apelación del tercerista y que debe notificárseles la apelación. *Pereira* v. *Foote,* 25 D.P.R. 804, y *The United Porto Rican Bank* v. *Carattini Vda. Mendoza,* 45 D.P.R. págs. 180 y 641.

*El auto de certiorari debe ser anulado.*