CARMEN ROSA OLIVERA, menor representada por su madre con patria potestad ANA CELIA OLIVERA, demandante y apelada, *v.* LA SUCESIÓN DE FELIPE A. GONZÁLEZ, ET AL., demandados y apelantes.

Núm. 7674.—*Sometido:* Enero 17, 1938. *Resuelto:* Marzo 29, 1938.

*José C. Jusino,* abogado de los apelantes; *Enrique Báez García,* abogado de la apelada.

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del tribunal.

Se solicita la desestimación del recurso interpuesto en este caso por falta de notificación a una de las partes interesadas y por causa de frivolidad.

En cuanto a la frivolidad bastará decir que no hay constancias suficientes en los autos para resolver la cuestión planteada porque la sentencia se dictó basada en el resultado de la evidencia y la evidencia no está ante nosotros. Es cierto que en la contestación se admitieron algunos de los hechos alegados en la demanda, pero no todos los necesarios para que surgiera de las propias alegaciones aceptadas la existencia del reconocimiento del estado de hija natural de Felipe A. González en que funda su acción la demandante.

Examinemos la falta de notificación. Que se dejó de notificar a la codemandada Josefa A. González, es evidente. La cuestión a estudiar y resolver es la de si la notificación era necesaria para que esta corte adquiriera jurisdicción.

La ley—artículo 296 del Código de Enjuiciamiento Civil, ed. de 1933—prescribe que una apelación se interpone entregando al secretario de la corte en que fué dictada o registrada la sentencia o providencia apelada, un escrito manifestando que se apela de ella, o de determinada parte de la misma, y presentando idéntica manifestación a la parte contraria *(adverse party)* o a su abogado.

¿Era la codemandada Josefa A. González una parte contraria? Veámoslo.

El pleito se inició por Carmen Rosa Olivera, menor representada por su madre con patria potestad, Ana Celia Olivera,

contra la Sucesión de Felipe A. González, compuesta de su hermana la dicha Josefa A. González y los hijos de sus otros hermanos Dolores y Arístides González que se nombran en la demanda, en solicitud de una sentencia que declarara a la menor demandante hija natural reconocida de Felipe A. González con todos los derechos inherentes a tal declaración y con imposición de las costas a los demandados que se opusieren a la reclamación.

Todos los demandados fueron emplazados y comparecieron por el abogado Rafael A. Saliva. Renunció Saliva y entonces dichos demandados con excepción de Josefa González, representados por el abogado José C. Jusino, contestaron la demanda, enmendando luego su contestación para alegar que la no comparecencia de la codemandada Josefa se debía a haberse confabulado con la madre de la demandante comprometiéndose a reconocer a la menor como hija de su hermano Felipe a cambio de que la madre de la menor no se opusiera a cierta demanda en cobro de pesos que había presentado.

Celebrado el juicio, la corte dictó sentencia declarando "que la ley y los hechos están a favor de la demandante Carmen Rosa Olivera y contra los demandados, la Sucesión de Felipe A. González, compuesta de su hermana de doble vínculo doña Josefa González; la Sucesión de Dolores González, compuesta . . . y la Sucesión de Arístides González, compuesta . . . condenando a los demandados al pago de costas, pero sin honorarios de abogado."

Contra esa sentencia apelaron los demandados componentes de las Sucesiones de Dolores y Arístides González, notificando su escrito al secretario de la corte y al abogado de la demandante, omitiendo notificarlo a Josefa González o a su abogado.

La jurisprudencia es abundantísima sobre el particular y tal como se resume en la nota al caso de *Nelson Bennett Co.* v. *Twin Falls Land, etc., Co.,* 13 Idaho 767, que aparece en

el volumen 13 de los American and English Annotated Cases, páginas 181 a 185, ha establecido las siguientes reglas:

"Podría decirse, como regla bien establecida, que el escrito de apelación debe ser notificado a toda parte contraria."

La regla está sostenida por casos de California, Colorado, Idaho, Iowa, Louisiana, Michigan y otros estados.

"Toda parte cuyo interés en la materia objeto del recurso de apelación es adverso o será afectado por la revocación o modificación de la sentencia u orden contra la cual se ha apelado, es una parte adversa dentro del significado de un estatuto que requiera que se notifique la apelación a toda parte contraria."

Para sostener el principio se citan decisiones de diez estados de la Unión.

"Codemandados en un litigio que no se unan al recurso deben ser notificados del escrito de apelación cuando sus intereses son adversos al de la parte que entabla el recurso."

Decisiones también de diez estados se citan para sostener la regla.

La jurisprudencia de esta corte está en línea con los principios enunciados. Véanse: *Candelas* v. *Ramírez et al.,* 20 D.P.R. 33; *Galafar* v. *Sucesión Morales,* 22 D.P.R. 491; *Torres* v. *Sucesión Caballero,* 39 D.P.R. 724, 726; y *Carrión* v. *Toral, et al.,* 44 D.P.R. 426.

De suerte que no basta que se sea un codemandado para que la apelación interpuesta por otro tenga necesariamente que notificársele, si que se requiere además que sus intereses sean adversos a los del que entabla la apelación.

Aplicado el principio a los hechos de este caso, no surge en verdad la necesidad de la notificación. La sentencia decretando el reconocimiento se dictó contra todos los demandados incluso la demandada Josefa González que no se defendió en el pleito. ¿Puede sostenerse que el interés de la dicha demandada en la apelación interpuesta por los otros demandados es adverso al de éstos? A primera vista, no. Al contrario, en vez de ser adverso su interés parece estar en armo-

nía con el de los apelantes ya que si la apelación prosperara lo que ella obtendría sería la parte que le correspondiera en la herencia de su hermano y la liberación del pronunciamiento de costas que contra ella en unión de los otros demandados contiene la sentencia.

Si ella se hubiera allanado formalmente a la demanda admitiendo de modo solemne que lo hacía por estar convencida de que la demandante era en verdad la hija natural reconocida de su hermano, la situación sería distinta. Pero ése no fué el caso. Su actitud fué pasiva enteramente.

Y si fué activa en el sentido de la confabulación alegada en la contestación a la demanda de los otros demandados, tal interés contrario a la revocación, siendo inmoral, no podría tomarse en cuenta.

*Debe declararse no haber lugar a la desestimación solicitada.*

El Juez Asociado Señor Córdova Dávila no intervino.