Francisco González Fagundo, demandante y apelado, *v.* José Zenón Berríos y Faustino Berríos, demandados y apelante el primero.

Núm. 8209.—*Sometido:* Julio 8, 1940. *Resuelto:* Julio 19, 1940.

·*Miguel A. Muñoz*, abogado del apelante; *Arturo Aponte* y *Faustino R. Aponte*, abogados del apelado.

El Juez Presidente Señor Del Toro emitió la opinión del tribunal.

En el pleito seguido por Francisco González Fagundo contra José Zenón Berríos y Faustino Berríos sobre cobro de servicios profesionales, se dictó sentencia por la Corte de

Distrito de Humacao el 4 de abril último, condenando a los demandados a pagar solidaria y mancomunadamente al demandante la suma de $3,350, remanente de la de cinco mil en que se valoraron los servicios, con más las costas, incluyendo en ellas quinientos dólares por honorarios de abogado. El 22 del propio mes de abril apeló de la sentencia el demandado José Zenón Berríos.

Así las cosas, se presentó una moción por el demandante apelado solicitando la desestimación del recurso por no haberse notificado el escrito interponiéndolo al demandado Faustino Berríos, parte perjudicada por la sentencia.

El apelante se opuso alegando que esta corte no tiene ante sí base suficiente para resolver la cuestión planteada y porque el récord ante la corte no demuestra que el codemandado Faustino Berríos sería afectado adversamente por la apelación.

██ Una apelación se interpone entregando al secretario de la corte en que fué dictada o registrada la sentencia o providencia apelada, un escrito manifestando que se apela de ella, o de determinada parte de la misma y presentando idéntica manifestación a la parte contraria o a su abogado, ordena el artículo 296 del Código de Enjuiciamiento Civil, ed. 1933.

Según la certificación del secretario de la corte sentenciadora acompañada a la moción de desestimación aparece que el escrito de apelación fué archivado en la secretaría con constancia de haberse notificado con copia al demandante. Con respecto a la notificación al otro demandado que la parte demandante estima necesaria para que esta corte adquiera jurisdicción, nada dice el escrito.

¿Puede de ello deducirse que la apelación no fué notificada al otro demandado? A nuestro juicio no puede, porque en la certificación se limita el secretario a decir que el escrito tal como se transcribe fué radicado, hecho que no excluye la posibilidad de haberse radicado separadamente la constancia de haberse hecho la notificación al otro demandado.

No es el apelante el que ha radicado su récord de apelación ante esta Corte Suprema. Es el demandante apelado el que ha comparecido pidiendo que la apelación sea desestimada porque falta la repetida notificación, y siendo él el que afirma, a él corresponde la prueba de lo afirmado.

Tiene, pues, razón el apelante en su primer motivo de oposición, a saber, que los autos ante nos no constituyen base suficiente para resolver la cuestión planteada.

█ Y también la tiene en el segundo. El codemandado dejado de notificar, si es que en verdad no fué notificado, no es parte adversa, no recibirá perjuicio a virtud de la apelación, al contrario, si algo puede recibir es beneficio en caso de que se revoque o modifique la sentencia reduciéndose su cuantía.

No ha mucho, en el caso de *Olivera* v. *Sucesión González,* 52 D.P.R. 884, 886, dijo esta Corte:

"La jurisprudencia es abundantísima sobre el particular y tal como se resume en la nota al caso de *Nelson Bennett Co.* v. *Twin Falls Land, etc., Co.,* 13 Idaho 767, que aparece en el volumen 13 de los American and English Annotated Cases, páginas 181 a 185, ha establecido las siguientes reglas:

" 'Podría decirse, como regla bien establecida, que el escrito de apelación debe ser notificado a toda parte contraria.'

"La regla está sostenida por casos de California, Colorado, Idaho, Iowa, Louisiana, Michigan y otros estados.

" 'Toda parte cuyo interés en la materia objeto del recurso de apelación es adverso o será afectado por la revocación o modificación de la sentencia u orden contra la cual se ha apelado, es una parte adversa dentro del significado de un estatuto que requiera que se notifique la apelación a toda parte contraria.'

"Para sostener el principio se citan decisiones de diez estados de la Unión.

" 'Codemandados en un litigio que no se unan al recurso deben ser notificados del escrito de apelación cuando sus intereses son adversos al de la parte que entabla el recurso.'

"Decisiones también de diez estados se citan para sostener la regla.

"La jurisprudencia de esta corte está en línea con los principios enunciados. Véanse: *Candelas* v. *Ramírez et al.,* 20 D.P.R. 33;

*Galafar* v. *Sucesión Morales,* 22 D.P.R. 491; *Torres* v. *Sucesión Caballero,* 39 D.P.R. 724, 726; y *Carrión* v. *Toral, et al.,* 44 D.P.R. 426.

"De suerte que no basta que se sea un codemandado para que la apelación interpuesta por otro tenga necesariamente que notificársele, si que se requiere además que sus intereses sean adversos a los del que entabla la apelación."

Y ya hemos visto que el interés del codemandado Faustino Berríos no es adverso si que está en armonía con el del otro demandado José Zenón Berríos que interpuso el recurso. Su notificación era innecesaria. Y la falta de la misma en su consecuencia no es motivo de desestimación.

*Debe declararse sin lugar la moción del apelado.*

El Juez Asociado Sr. De Jesús no intervino.