MARÍA JOSEFA IPARRAGUIRRE, demandante y apelada, *v.* SALVADOR R., DOLORES, JOSÉ, MILAGROS y AURORA NIN RUIZ, y JUANA NIN MARTÍNEZ, demandados, y MARIA DE LOS ÁNGELES NIN RUIZ, demandada y apelante.

Núm. 7973.—*Sometido:* Diciembre 13, 1940. *Resuelto:* Diciembre 16, 1940.

*E. Soldevila,* abogado de la apelante; *Dubón & Ochoteco* y *Otero Suro & Otero Suro,* abogados de la apelada.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

En garantía de una deuda de los demandados Nin Ruiz por la cantidad de $6,500, sus intereses a razón del 10 por ciento anual y un crédito adicional de $650 para costas y honorarios de abogado, dichos demandados y la codemandada Juana Nin Martínez constituyeron hipoteca a favor de la demandante sobre una finca de los primeros y un crédito hipotecario de la segunda, respectivamente. Dicha hipoteca se constituyó por escritura número 19, de 19 de diciembre de 1931, ante el notario Juan de Guzmán Benítez, y entre otras condiciones contiene la de que la cantidad adeudada deberá pagarse en el término de tres años a partir del primero de octubre de 1931.

El 12 de enero de 1938, vencido ya el préstamo por haber expirado con exceso el plazo de tres años en el cual debía pagarse, la acreedora interpuso la demanda de este caso, que

tituló "en cobro de hipoteca." Se alegó en la demanda el origen y existencia de la deuda, el montante de los intereses adeudados, la circunstancia de haberse constituído hipoteca en garantía de la deuda y las infructuosas gestiones de cobro practicadas por la demandante a través de su apoderado, terminando con súplica que literalmente dice así:

"Por lo que, suplicamos a la corte que previo los trámites legales se sirva dictar sentencia condenando a los demandados Salvador R., Dolores, José, María de los Angeles, Milagros y Aurora Nin Ruiz y Juana Nin Martínez, solidariamente, a pagar a la demandante la suma de $6,500 de capital, $425.20 de intereses vencidos y no pagados a razón del 10 por ciento anual desde 30 de mayo de 1937 a diciembre 31, 1937, y $650 convenidos y estipulados para atender al pago de las costas, gastos y honorarios de abogado."

María de los Ángeles Nin Ruiz contestó la demanda. Negó generalmente los hechos, y por vía de defensa interpuso excepción previa de falta de hechos constitutivos de causa de acción. No comparecieron los otros demandados, anotándose oportunamente su rebeldía.

Señalada la vista del caso en calendario general, no asistieron los demandados al acto del juicio. Procedióse a su celebración, siendo llamado por la demandante el testigo Anselmo Zoroeta, quien declaró sobre la certeza, existencia y falta de pago del crédito reclamado, y de las gestiones de cobro por él practicadas. Se presentó además, como prueba documental, la escritura de hipoteca. Por los méritos de esta prueba, la corte inferior dictó sentencia condenando a todos los demandados a pagar solidariamente a la demandante las cantidades de $6,500 de principal, $1,128.35 de intereses devengados desde el 30 de mayo de 1937 hasta el 31 de enero de 1939, los que se devengaren a partir de esa fecha a razón del 10 por ciento anual, más $650 estipulados para costas y honorarios de abogado.

De la ameritada sentencia sólo apeló la demandada María de los Ángeles Nin Ruiz. Sus codemandados la consintieron.

■■ Como la demandante apelada ha solicitado la deses-timación del recurso por falta de jurisdicción, alegando que el escrito de apelación no fué notificado a los demandados, y esta moción nos fué sometida juntamente con el recurso en sus méritos, procederemos a considerarla en primer término.

El artículo 296 del Código de Enjuiciamiento Civil pres-cribe que el escrito de apelación debe ser notificado a la parte contraria (*adverse party*) o a su abogado. ¿Son los code-mandados no notificados del recurso partes contrarias o adversas a la apelante? Indudablemente que no, pues el interés de una y otros es idéntico. Si la sentencia fuera revocada, serían ellos beneficiados, y en caso de ser confir-mada, su situación sería la que existía antes de interponerse el recurso. Cualquiera que fuese la suerte de esta apelación, los codemandados no podrían ser perjudicados en forma al-guna. Su interés no es adverso al de la apelante. Por lo tanto, no pueden ellos ser considerados partes contrarias (*adverse parties*) con derecho a ser notificados del escrito de apelación. Véanse *Olivera* v. *Sucn. González,* 52 D.P.R. 884, donde se resume la jurisprudencia sobre la materia, y por vía de ilustración, el caso más reciente de *Montero* v. *Sucn. Santoni,* 55 D.P.R. 713, 718.

Procede, por lo expuesto, denegar la moción de desesti-mación.

■ Pasemos ahora a los méritos del recurso.

Tres de los cinco errores señalados por la apelante están basados en un equivocado concepto de la naturaleza de la acción en este caso ejercitada. Cree el abogado de la ape-lante que la ejercitada es la acción real en cobro de hipoteca, y de ahí que sostenga que la sentencia es errónea por no ordenar que se vendan en pública subasta los bienes hipote-cados, no dividir la responsabilidad hipotecaria de cada in-mueble, no señalar el tipo mínimo de la subasta y no alegarse que los demandados son los actuales dueños de los bienes hi-potecados. Hemos hecho una síntesis de la demanda y co-piado literalmente su súplica, y ni en una ni en otra se soli-

cita la venta de los bienes hipotecados para aplicarlos al pago de la sentencia. Faltando este requisito *sine qua non* para que la acción ejercitada pueda ser considerada como real hipotecaria, claro es que se trata sencillamente de una acción personal en cobro de dinero. *Trueba* v. *Rosales & Cía.*, 33 D.P.R. 1027, 1030. No afecta la naturaleza de la acción el hecho de que en el encabezamiento de la demanda se le haya llamado *"acción en cobro de hipoteca"*, pues no es el título de la demanda, sino sus alegaciones, las que determinan la naturaleza de la acción que se ejercita. Tampoco la afecta el hecho de que al terminar su prueba, el abogado de la demandante apelada, dirigiéndose a la corte, solicitara sentencia disponiendo la venta en pública subasta de la finca objeto del crédito, pues tal manifestación no tuvo el efecto de enmendar la demanda, tanto más cuanto que la corte no accedió a la súplica del abogado.

Se queja la apelante de que la sentencia condena a la codemandada Juana Nin Martínez a pagar solidariamente con los demás codemandados, el importe total de la sentencia, cuando en efecto ella no se constituyó en fiadora solidaria. Ya hemos expresado que doña Juana Nin Martínez no apeló de esta sentencia. Por lo tanto, concediendo que el error exista, el mismo no puede ser motivo de revocación, puesto que en manera alguna perjudica los intereses de la apelante. Artículo 142 del Código de Enjuiciamiento Civil.

Finalmente se queja la apelante de que la cantidad concedida por concepto de honorarios de abogado es excesiva. La sentencia concedió por ese concepto precisamente la suma que los contratantes, entre ellos la apelante, expresamente convinieron en la escritura de 19 de diciembre de 1931 de que hemos hecho mérito, y ese convenio obliga a la apelante, ya que el contrato es ley entre las partes.

*Por lo expuesto, procede desestimar el recurso y confirmar la sentencia apelada.*