GEORGINA LUISA LÓKPEZ FINLAY, demandante y apelada, *v.* VÍCTOR LUIS LÓKPEZ y AMELIA PALMIERI VDA. DE WOODS, ETC., hoy su Sucesión, etc., demandados, contrademandantes y apelantes los últimos.

Núm. 8993.—*Sometido:* Diciembre 6, 1944. *Resuelto:* Marzo 16, 1945.

*Damián Monserrat, Jr., Gabriel de la Haba y Rafael Baragaño,* abogados de los apelantes; *Mariano Acosta Velarde, Federico Acosta Velarde* y *Daniel Pellón Lafuente,* abogados de la apelada.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

En una apelación anterior en este caso, *Lókpez* v. *Lókpez,* 61 D.P.R. 618, revocamos la sentencia dictada por la corte inferior por no haberse admitido cierta prueba ofrecida por los demandados con el fin de demostrar que el contrato de préstamo e hipoteca cuya nulidad solicita la demandante, había sido ratificado.[1] Devuelto el caso, la Corte de Dis-

---

[1] Sintetizamos la cuestión, a la página 632, en esta forma:

"La situación que presenta el caso de autos es una que requería la determinación de dos cuestiones, 1, si la demandante concedió poder tácito a su esposo para administrar sus bienes privativos, y 2, si el esposo al actuar como mandatario de su esposa ratificó, con el conocimiento y consentimiento expreso o

trito de San Juan celebró una vista, limitándose la prueba de las partes al extremo de la ratificación. Trató la demandada, Sucesión de Amelia Palmieri Vda. de Woods, de sostener la admisibilidad de cierta prueba demostrativa del pago hecho por la demandante de intereses sobre el préstamo hipotecario, pero la corte ordenó su eliminación del récord por el fundamento de que en el pliego de especificaciones radicado por la demandada no se alegaba que la ratificación se hubiera realizado mediante el pago de intereses.

En esa forma quedó limitada la prueba de la demandada al hecho de que la ratificación ocurrió al solicitar la demandante el levantamiento y cancelación parcial de la hipoteca para poder vender un solar libre de dicho gravamen, según se expuso en el inciso (*a*) del pliego de especificaciones. La corte de distrito resolvió que no se había probado la ratificación y dictó sentencia declarando con lugar la demanda, sin lugar la contrademanda, y decretando la cancelación de la hipoteca. La demandada apeló.

■ Antes de entrar a considerar el recurso en sus méritos debemos resolver la moción de desestimación presentada por la apelada. Uno de sus fundamentos es que el codemandado Víctor Luis Lókpez no fué notificado del escrito de apelación siendo una parte necesaria en el procedimiento. Carece de méritos la cuestión. Cuando la revocación de la sentencia no puede afectar los intereses de un codemandado a quien no se haya notificado de la apelación interpuesta por otro codemandado, tal codemandado no es una parte contraria (*adverse party*) dentro del significado del artículo 296 del

tácito de la demandante el préstamo de que era deudora a los demandados. En cuanto a la primera cuestión ya hemos resuelto que la propia prueba de la demandante demostró que ésta concedió dicho poder a su esposo. La segunda cuestión no podemos resolverla por no tener ante nos la prueba que fué rechazada por la corte inferior. No se trataba de probar por los demandados, como erróneamente fué enfocada esta cuestión, actuaciones del Sr. Rovira como administrador de la sociedad de gananciales, sino sus actuaciones como administrador de los bienes privativos de la demandante, hecho que, según hemos dicho, quedó plenamente demostrado.''

Código de Enjuiciamiento Civil, y la falta de notificación no conlleva la desestimación de la apelación. *Candelas* v. *Ramírez,* 20 D.P.R. 33; véase además *Sucesores de L. Villamil & Co.* v. *Solá,* 22 D.P.R. 531, 535; *Galafar* v. *Sucesión Morales,* 22 D.P.R. 491, 493; *Collazo* v. *Rivera,* 26 D.P.R. 92, 93; *Buonomo* v. *Sucesión Juncos,* 27 D.P.R. 273, 275; *Ramírez* v. *Pumares, et al.,* 28 D.P.R. 121, 134; *Carrión* v. *Toral,* 44 D.P.R. 426, 427; *Vidal* v. *Monagas,* 60 D.P.R. 783, 788. En el presente caso no vemos cómo podría afectar los intereses de Víctor Luis Lókpez que se revocara la sentencia, se declarara ratificado el contrato de préstamo e hipoteca y se restableciera la garantía hipotecaria. No siendo Lókpez, por tanto, parte contraria a la apelante, no era imprescindible que se le notificara la apelación.

El segundo fundamento de la moción es que el récord de esta apelación no está completo por no haberse elevado en el legajo de la sentencia los siguientes documentos: la demanda, la contestación, la opinión y la sentencia original y además porque no se ha elevado la transcripción de evidencia de la primera vista en este caso. Tampoco tiene méritos esta cuestión en vista del artículo 40(e) del reglamento de este tribunal que dispone lo siguiente:

"40(e) Cuando en un pleito o procedimiento se entablare una nueva apelación, si en la primera hubieren sido elevados a este tribunal la prueba y otros procedimientos mediante pliego de excepciones, exposición del caso, transcripción de la evidencia y en otra forma debida, así como el legajo de la sentencia, las partes podrán referirse a los autos de la primera apelación y archivar solamente los procedimientos posteriores a ella y cualquiera otra evidencia debidamente autenticada que el juez inferior hubiere tenido a la vista al pronunciar la orden o sentencia objeto de la segunda o subsiguiente apelación."

En el caso de *Concepción, etc.* v. *Latoni,* 61 D.P.R. 952, tercera apelación en el mismo caso, negamos por carecer de fundamento la desestimación solicitada por el hecho de no estar completo el tercer récord en apelación y aplicamos la

Regla 40(e). No existe motivo alguno para exigir que se dupliquen documentos que forman parte de un mismo caso y los cuales ya están radicados en esta corte. Los casos citados por la apelada no son aplicables. Algunos fueron resueltos antes de la aprobación de la Regla 40(e) y otros se refieren a una cuestión distinta, es decir, si la corte debe tomar conocimiento judicial de los procedimientos de otro pleito ante la misma corte o ante otra corte. Se desestima la moción de la apelada y pasamos a considerar el recurso en su fondo.

■■ Señala la apelante como primer error el haber la corte eliminado la prueba ofrecida por la demandada para acreditar la voluntad y propósito de la demandante de pagar los intereses correspondientes al mes de junio de 1938 sobre el préstamo hipotecario. Sostiene la apelante que dicha prueba era. demostrativa de la ratificación del contrato.

Es un principio firmemente establecido que la prueba que puede ofrecer una parte que haya sometido un pliego de especificaciones debe limitarse a aquellos extremos que hayan sido señalados en el mismo. 8 A.L.R. 550; *Colón* v. *Shell Co. (P. R.), Ltd.*, 55 D.P.R. 592, 621. Obedece este principio a que la naturaleza del pliego es "para conceder a la parte contraria la información necesaria para una adecuada contestación y preparación de su defensa, permitirle hacer sus alegaciones con mayor certeza y protegerse razonablemente contra sorpresa en el juicio." Bancroft's *Code Pleading*, sección 485. Y véase *León Parra* v. *Gerardino*, 58 D.P.R. 489.

Si bien es cierto que la demandada no alegó en el pliego de especificaciones que la ratificación fuera mediante el pago de intereses, dicha alegación sí constaba en el hecho sexto de la materia nueva de defensa en la contestación a la demanda. Es un hecho incontrovertible que la demandante no obstante la omisión de dicha alegación en el pliego de especificaciones, tomó en consideración, a los efectos de la preparación de su caso, la ratificación mediante el pago de intereses.

Al negar dicha alegación en el párrafo quinto de su contestación a la contrademanda (pág. 38, Legajo de Sentencia, Expediente Civil núm. 8520) y al presentar anticipadamente prueba negando dicha alegación (Declaración de Georgina Lókpez Finlay, págs. 52, 87, 88–89; declaración de Osvaldo Peña, págs. 95–96; declaración de Pedro Rovira, pág. 103; y declaración de Mariano Acosta Velarde, págs. 110–111, Transcripción de Evidencia, Expediente Civil número 8520), la demandante en forma clara demostró que no fué sorprendida y que no había necesidad de que se incluyera la alegación en el pliego de especificaciones. Opinamos que no debió excluirse la prueba de la demandada sobre dicho extremo. El efecto principal de un pliego de especificaciones es complementar las alegaciones de una demanda o contestación,[2] pero no enmendarlas restrictivamente y por tanto, forzoso es concluir que la corte *a quo* cometió el primer error señalado. Bajo las circunstancias concurrentes no es aplicable en este caso el principio general sobre la limitación de la prueba a los particulares del pliego de especificaciones.

 Empero, el error cometido conllevaría la revocación de la sentencia únicamente si la evidencia eliminada fuera por sí sola suficiente para probar la ratificación del contrato. Pasamos por tanto a considerar la verdadera cuestión envuelta en este caso: si la prueba eliminada y la admitida demostraba que el esposo de la demandante, su mandatario tácito en cuanto a la administración de sus bienes privativos, según

---

(2) La Regla 12, inciso (*e*), de las nuevas Reglas de Enjuiciamiento Civil, en lo pertinente dispone:

"*Moción para Solicitar una Exposición más Definida o Especificación de Particulares.* [*in fine*] . . . Una especificación de particulares se convierte en parte de la alegación *que complementa.*" (Bastardillas nuestras.)

Y véase el caso de *Wolfson* v. *Mills*, 112 N.J.L. 1, 169 Atl. 359, 360, donde se dijo que el propósito fundamental del pliego es ". . . Amplificar las alegaciones e indicar, con más particularidad de lo que de ordinario se requiere en una alegación formal, la naturaleza de la reclamación que se hace, con el fin de evitar sorpresa en el juicio y que la controversia pueda trabarse más inteligentemente."

resolvimos en la primera apelación, ratificó el contrato de préstamo con garantía hipotecaria.

Sostiene la apelante que los actos del mandatario constitutivos de ratificación son (1) el pago de intereses sobre el préstamo, correspondientes al mes de mayo de 1938; (2) su ofrecimiento de pagar los intereses correspondientes al mes de junio de 1938; y (3) las gestiones solicitando la liberación de parte de la propiedad hipotecada para poder venderla libre de dicho gravamen. La corte de distrito solamente tuvo ante su consideración prueba en apoyo de la tercera y última alegación, pero ni esta evidencia ni aquella presentada bajo las otras alegaciones y la cual fué eliminada por la corte, es suficiente, a nuestro juicio, para demostrar que el contrato fué ratificado.

En cuanto al pago de intereses, al resolver una cuestión idéntica en *Lókpez* v. *Lókpez, Garrastazú et al.*, 61 D.P.R. 848, a la página 851 dijimos: ''Somos de opinión que la corte inferior no cometió manifiesto error en la apreciación de la prueba, y que, en todo caso, *dicha prueba no fué suficiente para demostrar la ratificación alegada.*'' (Bastardillas nuestras.) En el caso de autos somos de opinión que la prueba sobre las gestiones realizadas por Rovira, no sólo en cuanto al pago de intereses sino también para liberar parte de la propiedad hipotecada, no pudo tener el efecto de demostrar que el contrato de préstamo e hipoteca fué ratificado.

Si, como sostiene la apelante, Rovira actuó a virtud de autorización que le confiriera su esposa la demandante, tenemos que concluir que el artículo 1211 del Código Civil [3] no es aplicable a los hechos de este caso pues, como dice Manresa, al comentar el artículo 1259 del Código Civil Español, equivalente al 1211 del nuestro: ''El artículo 1,259 se refiere al que obra en nombre de otro, *sin tener de él autorización;*

---

[3] ''Artículo 1211.—Ninguno puede contratar a nombre de otro sin estar por éste autorizado o sin que tenga por la ley su representación legal.''

*no es, pues, aplicable al que obra en virtud de poder.* Si el mandatario se excede en sus facultades, procede la acción ordinaria de nulidad. (Sentencia de 6 de marzo de 1906)'' Comentarios al Código Civil Español, Tomo VIII, pág. 569, Cuarta Edición (1929). (Bastardillas nuestras.)

No confrontamos en este caso una situación en la cual la prueba demuestre, como en los casos de *Dooley* v. *Pantoja,* 61 D.P.R. 642 y *Loíza Sugar Co.* v. *Zequeira,* 63 D.P.R. 864, que fueron los actos y la conducta del propio mandante los que tuvieron el efecto de una ratificación tácita. Por el contrario la situación que confrontamos es la determinación de si la prueba fué suficiente para demostrar que la actuación del primer mandatario, Víctor Lókpez, padre de la demandante, al otorgar el contrato de préstamo e hipoteca y para lo cual necesitaba un poder expreso, que no tenía, pudo ser ratificado por la actuación de otro mandatario, Pedro Rovira, esposo de la demandante, que a su vez sólo tenía un poder tácito que sólo comprendía actos de administración según resolvimos en *Lókpez* v. *Lókpez,* 61 D.P.R. 618.

Tanto la prueba eliminada y la no admitida por la corte inferior, como aquélla que admitió y a la cual dió crédito, solamente tendían a demostrar actuaciones del esposo de la demandante sin estar ella presente, las cuales por sí solas, no demostraron la concesión de un poder expreso o tácito para ratificar aquella actuación, no autorizada, del anterior mandatario, otorgando el contrato de préstamo e hipoteca y cuya nulidad se solicita en la presente acción. No siendo suficiente esa prueba no podemos resolver, como pretende la apelante, que Rovira al actuar a virtud del poder tácito para administrar que tenía de la demandante, ratificó el préstamo hecho por el otro mandatario, Lókpez, quien al hacerlo ya hemos resuelto que se excedió en su poder. La facultad para ratificar no puede en forma alguna estar comprendida dentro de los actos de administración, cuando no

hay prueba de que se concediera poder para realizar otras actuaciones para las cuales la ley requiere mandato expreso.

El derecho común reconoce la misma doctrina que hemos expuesto. En el *Restatement of the Law of Agency,* al comentar la sección 93(3), se dice: "Un mandatario puede ser autorizado a ratificar por su mandante la actuación anterior no autorizada de . . . otro mandatario".[4] Refiriéndose a esta cuestión se dice en 1 Williston *on Contracts,* sección 278, pág. 810:

"No sólo puede la ratificación ser hecha por el mandante, sino que las cortes, según se expresa en el *Restatement of Agency,* también reconocen que una confirmación que tiene el efecto de una ratificación puede ser hecha por un mandatario expresamente autorizado para así hacerlo. . ."

En el caso de *Ironwood Store Co.* v. *Harrison,* 75 Mich. 197, 42 N. W. 808, se expuso la regla evidenciaria necesaria para que pueda considerarse como probada la ratificación por un mandatario de la actuación no autorizada de otro mandatario, en esta forma:

"La ratificación por un mandatario depende de ciertos hechos, que deben demostrarse afirmativamente: (1) el mandatario que ratifica debe haber tenido un poder general para realizar él mismo la actuación que ratifica. (2) Los dos deben ser mandatarios del mismo mandante, y el mandatario cuya actuación está en entredicho debe haber pretendido actuar como mandatario del mandante común."

Esta regla fué ratificada en *Horrabin & Co.* v. *McCallum,* 191 Iowa 441, 182 N. W. 646.

Si bien en el caso de autos no hay duda de que existió la situación de hechos marcada con el número (2) en el caso de *Ironwood Store Co.* v. *Harrison,* supra, no hay nada en la prueba de la demandada que demuestre afirmativamente que el mandatario administrador, Rovira, tuviera poder alguno para otorgar a nombre de la demandante un contrato

---

(4)La sección 93(c) dice así: "La confirmación puede ser hecha por un mandatario autorizado para ello."

de préstamo e hipoteca y siendo ello así tampoco se demostró afirmativamente que él pudiera ratificar un contrato de esa naturaleza. No erró la corte sentenciadora al así resolverlo.

*Debe confirmarse la sentencia apelada.*