Fidela Rivera Vda. de Covas, demandante y apelada, *v.* Arundel Corporation, Consolidated Engineering Co., Inc., Hardaway Contracting Company, Eduardo Flores Negroni, Rafael Guzmán, Isabelo Mercado, Calixto Contreras y Great American Indemnity Co., demandados y apelante la última.

Núm. 10156.—*Sometido:* Enero 12, 1950. *Resuelto:* Enero 26, 1950.

*Hugh R. Francis* y *Francis* e *Ydrach,* abogados de la apelante; *Francisco González, Jr.,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

La demandante apelada solicita la desestimación de este recurso alegando que carecemos de jurisdicción debido a que el escrito de apelación radicado por la codemandada Great American Indemnity Company no fué notificado a los codemandados Isabelo Mercado y Arundel Corporation a pesar de ser los mismos partes necesarias y adversas cuyos intereses pueden ser afectados por la sentencia que en definitiva dicte este Tribunal. La apelante se ha opuesto a la desestimación solicitada alegando que si bien los codemandados Isabelo Mercado y Arundel Corporation no fueron notificados del escrito de apelación tenían conocimiento del mismo por estar representados por el abogado de la apelante y además, que dichos codemandados no son partes adversas y necesarias en esta apelación ya que la sentencia dictada por la corte inferior les exoneró de toda responsabilidad en el accidente ocurrido y como consecuencia también exoneró a la aquí apelante en cuanto a la póliza que cubría el vehículo de Isabelo Mercado y por lo tanto el interés de éste no podía ser adverso al de la apelante. Igual alegación se hace en cuanto a la Arundel Corporation y se alega además por la apelante que no habiendo apelado la demandante ni los demás codemandados de la sentencia que exoneró a Isabelo Mercado y a la Arundel Corporation, dicha exoneración constituye cosa juzgada entre

ellos y ninguna sentencia que pueda dictar esta Corte en apelación podría condenar en forma alguna a Isabelo Mercado o a la Arundel Corporation.

De la demanda enmendada aparece que la demandante Fidela Rivera Vda. de Covas demandó en daños y perjuicios por la muerte de un hijo ocurrida en un accidente a la "Arundel Corporation, Consolidated Engineering Co., Inc., Hardaway Contracting Company" y a Eduardo Flores, Carmen Gloria Aponte, Rafael Guzmán, Isabelo Mercado, Calixto Contreras y a la Great American Indemnity Company. Se alegó, en síntesis, en la demanda que el accidente ocurrió como consecuencia de un choque ocurrido entre tres guaguas pertenecientes a Rafael Guzmán, Isabelo Mercado y Calixto Contreras, las cuales estaban contratadas por Eduardo Flores para conducir empleados a las obras de la Arundel Corporation, estando cada una de dichas guaguas aseguradas por pólizas expedidas por la codemandada Great American Indemnity Company.

En la sentencia dictada por la corte inferior se exoneró de toda responsabilidad a Isabelo Mercado y a la Arundel Corporation y se condenó a los demás codemandados a satisfacer a la demandante $7,500.

No vemos en qué forma pueda considerarse a los codemandados Isabelo Mercado y a la Arundel Corporation partes adversas a la codemandada y, como tales, necesarias a los efectos de la apelación interpuesta únicamente por la Great American Indemnity Company. Interpretando el alcance del artículo 296 del Código de Enjuiciamiento Civil[1] hemos dicho que la frase "parte contraria" (*adverse party*) a los efectos de la notificación del recurso de apelación no se refiere a todas aquellas que han sido partes en el caso sino a aquellas que puedan ser afectadas por una revocación o

---

[1] El artículo 296 del Código de Enjuiciamiento Civil dispone lo siguiente:

"Una apelación se interpone entregando al secretario de la corte en que fué dictada o registrada la sentencia o providencia apelada, un escrito manifestando que se apela de ella, o de determinada parte de la misma, y presentando idéntica manifestación a la parte contraria o a su abogado."

modificación de la sentencia apelada. *Candelas* v. *Ramírez et al.,* 20 D.P.R. 33; *Ninlliat* v. *Surinach et al.,* 25 D.P.R. 548; *Buonomo* v. *Sucesión Juncos,* 27 D.P.R. 273; *Olivera* v. *Sucn. González,* 52 D.P.R. 884; *González* v. *Berríos,* 57 D.P.R. 394.

■ Isabelo Mercado fué demandado en este caso conjuntamente con los demás demandados, como responsable del accidente y de los daños causados. Fué en su carácter de "joint tort-feasor" que se le demandó y como tal lo exoneró la sentencia, exonerándose además a la Arundel Corporation. La teoría de la demanda es que todos los demandados eran responsables y, de acuerdo con lo resuelto en los casos de *Cruz et al.* v. *Frau,* 31 D.P.R. 92; *Cubano* v. *Jiménez et al.,* 32 D.P.R. 167 y *González* v. *White Star Bus Line, Inc.,* 53 D.P.R. 659, "la regla está bien establecida de que cuando un daño es el resultado de la negligencia combinada de varias personas, tales personas son responsables solidaria y mancomunadamente a la persona perjudicada y puede establecerse una acción contra uno o todos los que ocasionan dicho daño". (Sumario, *Cubano* v. *Jiménez et al.,* supra.)

■ Empero, aquí la corte inferior exoneró al demandado Isabelo Mercado (y consecuentemente a la Arundel Corporation y a la Great American Indemnity Company en cuanto a la póliza expedida a favor de Mercado) de la imputación de haber sido negligente y causante conjuntamente con los demás demandados del daño causado a la demandante y ésta no apeló de la sentencia, la cual, entre ellos, tiene la condición de cosa juzgada. Isabelo Mercado y la Arundel Corporation no tienen interés alguno ni son partes adversas a la apelante Great American Indemnity Company ni pueden ser afectados por el resultado de este recurso ya que la sentencia apelada resolvió que los únicos responsables del accidente eran Eduardo Flores y su esposa, Rafael Guzmán y Calixto Contreras y que la Great American Indemnity Company era responsable bajo las pólizas expedidas a favor de los codemandados.

En el caso de *Lidfors* v. *Pflaum*, 205 Pac. 277 (Oregon, 1922) se resolvió una cuestión similar, diciéndose:

"Está bien establecido que un demandado conjuntamente negligente y causante de un daño (*joint tort-feasor*)no puede quejarse si su codemandado escapa responsabilidad al obtener un veredicto a su favor o en otra forma; siendo la razón que ninguna contribución hacia el pago de la sentencia puede ser enforzada, como regla general, entre demandados conjuntamente negligentes y causantes de un daño (*joint tort-feasors*). En otras palabras, en cuanto a personas demandadas conjuntamente por un daño, a ninguna de ellas concierne si la otra es condenada o no. . . ."

En dicho caso dos eran los demandados, Pflaum y McClain, como causantes del daño sufrido por el demandante como resultado de la negligencia concurrente de ambos demandados. La corte declaró con lugar la demanda en cuanto a Pflaum y no hizo pronunciamiento alguno en su sentencia en cuanto a McClain. El demandante, como en el caso de autos, no apeló. Apeló el demandado Pflaum y al no notificar su escrito de apelación al demandado McClain, el demandante, como aquí, solicitó la desestimación del recurso. La corte resolvió que los codemandados no eran partes contrarias (*adverse parties*) pues "El veredicto les separó y libró de la unión (*joinder*) que se hizo en la demanda. . . . Como el demandante no se ha quejado del resultado del litigio en cuanto a McClain, no está en posición de decir que a McClain debió notificársele con el escrito de apelación. . . . La deducción es que McClain no puede ser afectado por la confirmación o revocación de la sentencia contra Pflaum, y no es una parte adversa dentro del significado del estatuto que requiere que el escrito de apelación sea notificado a todas las partes adversas."

Al mismo efecto véanse *Colby* v. *City of Portland*, 166 Pac. 537; *Hunter* v. *Allen*, 148 P.2d 936; *Wallace* v. *Brende*, 287 N.W. 328.

*No ha lugar a la desestimación solicitada.*